[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 1, 2005
THOMAS K. KAHN
CLERK

Nos. 04-15223
04-15224
Non-Argument Calendar

_____

D. C. Docket Nos.
03-60282-CR-KAM & 03-20989-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARDO CASTELLI,
a.k.a. Leo,

Defendant-Appellant.


_____

Nos. 04-15225
04-15226
Non-Argument Calendar

_____


D. C. Docket Nos.
03-20516-CR-AJ & 03-20513-CR-UUB

UNITED STATES OF AMERCIA

                                                          Plaintiff-Appellee,

                                    versus

LEONARDO CASTELLI,
a.k.a. Peter Leo,

                                                          Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____
(December 1, 2005)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Defendant Leonardo Castelli appeals his concurrent 60-month sentences,

which were imposed at a consolidated sentencing hearing (1) after a jury found

him guilty of various conspiracy and mail, wire, and bank fraud offenses in two

indictments consolidated for trial,[1] and (2) after he entered a guilty plea in relation

_____

[1]Specifically, Castelli was charged in a seven-count indictment with: (1) conspiracy to commit mail fraud and to use a forged and counterfeit seal, in violation of 18 U.S.C. § 371 (Count 1); (2) mail fraud, in violation of 18 U.S.C. § 1341 (Counts 2-6); and (3) use of a forged and counterfeit seal, in violation of 18 U.S.C. § 505 (Count 7).  In a second, separate indictment Castelli was charged with 14 counts, including: (1) conspiracy to commit bank fraud, wire fraud, and mail fraud, in violation of 18 U.S.C. § 371 (Count 1); (2) bank fraud, in violation of 18 U.S.C. § 1344 (Counts 2-4); (3) wire fraud, in violation of 18 U.S.C. § 1343 (Counts 5-7); and (4) mail fraud, in violation of 18 U.S.C. § 1341 (Counts 8-14).
    The government filed a motion requesting the consolidation of the two separate

to another conspiracy charge in a third indictment.[2]  Castelli also appeals a

separate, concurrent 60-month sentence, which was imposed at a separate

sentencing hearing after he pled guilty to an additional conspiracy charge in a

fourth indictment before a different district court judge.[3]  Four separate cases,

including two separate sentencing hearings before two different district courts,

have been consolidated for purposes of this appeal.  After review, we affirm

Castelli's sentences.

Essentially Castelli, who worked from his home as a "financial consultant,"

claimed that he could help automobile dealerships procure credit for individuals

with poor credit histories and low credit ratings so that they could purchase

automobiles.  For certain purchasers who would not otherwise qualify for loans,

Castelli created false, fraudulent, and counterfeit documents, which were submitted

---

indictments for trial, and the motion was granted.  After a jury trial, Castelli was found guilty as to all counts contained in the first indictment, and guilty of Counts one and three through 14 of the second indictment.

[2]In a third indictment, Castelli was charged with one count of conspiracy to commit fraud, in violation of 18 U.S.C. § 371 (Count 1), and five counts of mail fraud, in violation of 18 U.S.C. § 1341 (Counts 2-6).  Pursuant to a written plea agreement, Castelli pled guilty to Count one.  The district court granted Castelli's motion requesting that the proceeding be transferred for sentencing before the same district court judge that was sentencing him for the convictions based on the first two indictments.

[3]In a fourth indictment, Castelli was charged with one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371 (Count 1), and three counts of mail fraud, in violation of 18 U.S.C. § 1341 (Counts 2-4).  Pursuant to a plea agreement, Castelli pled guilty to Count one.  However, the district court denied Castelli's motion seeking to transfer and consolidate the fourth case for sentencing with his three related cases pending before a different judge.

3

to lenders in support of purchasers' loan applications. Castelli created false documents – such as pay stubs and statements, forged and counterfeit United States Bankruptcy Court orders, Internal Revenue Service forms, social security letters, child support statements, bank statements, and utility bills – for the automobile purchasers, and he knew that these documents would be submitted to lenders to ensure that the purchasers obtained financing.

Although his sentences on the four indictments were imposed in two separate sentencing proceedings, Castelli raises the same two assertions of error: the district court (1) violated United States v. Booker, 125 S. Ct. 738 (2005); and (2) erred in granting the government's request for an upward departure.


## I. **Booker**

In Booker, the Supreme Court held that Blakely v. Washington, 5452 U.S. 296, 124 S. Ct. 2531 (2004), applied to the Sentencing Guidelines. United States v. Rodriguez, 398 F.3d 1291, 1297-98 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005). "Under [Booker,] there are two kinds of sentencing errors: one is constitutional and the other is statutory." United States v. Dacus, 408 F.3d 686, 688 (11th Cir. 2005). "[T]he Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an

4

enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." Rodriguez, 398 F.3d at 1298. The constitutional error is not because there were extra-verdict enhancements; rather, "[t]he error is that there were extra-verdict enhancements used in a mandatory guidelines system." Id. at 1300. The statutory error occurs when the district court sentences a defendant "under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

In both sentencing proceedings, the district courts committed constitutional Booker error. That is, both district courts imposed loss and special skill enhancements under a mandatory guideline system based on facts neither admitted by the defendant nor proven beyond a reasonable doubt.[4] See U.S.S.G. § 2F1.1 (1998) (amount of loss); § 3B1.3 (1998) (use of special skill). However, this Court will still affirm Castelli's 60-month sentences if the government establishes that any error was harmless.[5]

_____

[4]The defendant does not challenge the factual basis of either of the enhancements in his opening brief, and, thus, any sufficiency-of-the-evidence challenge to those enhancements is abandoned. See United States v. Duncan, 400 F.3d 1297, 1300 n.1 (11th Cir.), cert. denied, 126 S. Ct. 432 (2005). Furthermore, the defendant's assertion in his reply brief that the enhancements were "not appropriate" is insufficient to place these issues before this Court. See United States v. Whitesell, 314 F.3d 1251, 1256 (11th Cir. 2002).

[5]Because Castelli challenged below, on Blakely grounds, the imposition of the sentencing enhancements under U.S.S.G. §§ 2F1.1 and 3B1.3, this Court reviews his Booker argument on

There are two harmless error standards, one that applies to constitutional errors, and one that applies to statutory errors.  United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005).  "[C]onstitutional errors are harmless where the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence."  Id.  In contrast, Booker statutory errors are subject to the less demanding non-constitutional error test.  Id. at 1292.

> A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect.  If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error.

Id. (internal quotation marks, alterations, and citations omitted).  The government has the burden of proof under both standards.  See id.

In this case, the defendant's guidelines range in both sentencing proceedings was 37-46 months' imprisonment.  However, both district court judges upwardly departed to the statutory maximum for the offenses and sentenced the defendant to concurrent 60-month sentences.

In this case, both district courts determined that the amount of loss did not accurately reflect the level of harm caused by Castelli's fraudluent conduct.  Based

---

appeal de novo.  See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005); see also United States v. Dowling, 403 F.3d 1242, 1246 (11th Cir.), cert. denied, 126 S. Ct. 462 (2005) (explaining that a defendant's citation to Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), or "other cases in that line of cases," serves to preserve a Booker claim).

on these determinations, the district courts upwardly departed outside the guidelines range and sentenced Castelli to the statutory maximum sentence, a sentence that was 13 months greater that the high end of the guidelines range. Thus, both district courts imposed the statutory maximum even though they were not required to do so by the guidelines. Therefore, the government has established that the mandatory nature of the guidelines did not contribute to the defendant's ultimate sentences. Under these particular circumstances, we readily conclude that the government has carried its burden of demonstrating that the Booker error in this case was harmless beyond a reasonable doubt.

## II. Upward Departure

Castelli also appeals the district courts' decisions to apply upward departures to the statutory maximum term of 60 months' imprisonment.[6] According to the first district court, the upward departure was warranted because the amount of loss did not accurately reflect the defendant's criminal culpability. Specifically, the district court stated:

> I think that [the failure of the calculated loss amount to adequately reflect the scope of Castelli's conduct] is a rationale for an upward departure in this case. But I also think that . . . the purchasers of the

---

[6]We review a district court's decision to grant an upward departure for abuse of discretion. United States v. Melvin, 187 F.3d 1316, 1320 (11th Cir.1999); see also United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (stating that "pre-Booker standards for reviewing application of the Sentencing Guidelines still apply").

cars were as much victims as anyone is another reason to upwardly depart. The loss amounts do not reflect – and none of these calculations reflect, in my opinion – the damage that was done to the people, the unknowing victims here, the people who bought the cars under circumstances that they could not afford.

The second district court likewise concluded that the defendant's loss amount did not "fully capture the harmfulness and seriousness of the conduct. In this case the seriousness and scope of the fraudulent scheme is not captured by the loss amount."

Section 2F1.1 encourages departures in cases "in which the loss determined under subsection (b)(1) does not fully capture the harmfulness and seriousness of the conduct." See U.S.S.G. § 2F1.1, cmt. n.10. There was extensive evidence at both sentencing proceedings that Castelli's fraudulent activities extended beyond the loans included in the calculation of the loss amount. That, plus the fact that Castelli's criminal conduct clearly affected numerous low-income automobile purchasers, leads us to conclude that the two district courts did not abuse their discretion in concluding that this case fell "outside the heartland" and that an upward departure was warranted.

For all the above reasons, we affirm Castelli's 60-month concurrent sentences.

AFFIRMED.