[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---------------------------------------

No. 05-13152
Non-Argument Calendar

---------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 13, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-14002-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHANE JOSEPH COFFINDAFFER,

Defendant-Appellant.

------------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

------------------------------------------------------------------

**(November 13, 2006)**

Before EDMONDSON, Chief Judge, TJOFLAT and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Shane Joseph Coffindaffer appeals his 180-month

sentence after a jury trial for conspiracy to manufacture methamphetamine and

attempted manufacture of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  We vacate and remand for resentencing.

Coffindaffer offers many arguments challenging his sentence; and we will consider each argument in turn.[1]

A.    Drug Quantity

First, Coffindaffer asserts that the district court erred, in violation of the Sixth Amendment, in determining that he was responsible for more than 50 grams of methamphetamine, when the jury concluded that he was responsible for more than five grams, but less than 50 grams, of methamphetamine.  Because Coffindaffer raised this objection before the district court, we review his argument de novo.  See United States v. Cain, 433 F.3d 1345, 1347 (11th Cir. 2005).

Here, the district court did not err in determining -- by a preponderance of the evidence and under an advisory Guidelines scheme -- the drug quantity

[1]This case has an extensive procedural history.  Coffindaffer was charged with conspiracy to manufacture 50 grams or more of methamphetamine and attempted manufacture of 50 grams or more of methamphetamine.  He pled guilty to the conspiracy charge; and the government agreed to dismiss the attempted manufacture charge.  At his initial sentencing hearing, Coffindaffer argued that he only should be held responsible for 50 grams or more of a mixture containing methamphetamine, not 50 grams or more of actual methamphetamine.  Coffindaffer informed the district court that he wanted to go to trial on how much actual methamphetamine was attributable to him.  Coffindaffer's guilty plea was vacated; and his case proceeded to trial.

At Coffindaffer's first trial, the district court granted a joint motion brought by the government and Coffindaffer for a mistrial because, among other things, Coffindaffer's lawyer was unable to speak during the trial due to illness.  Coffindaffer received a new trial; and the jury found Coffindaffer guilty of both counts in his indictment and concluded that he was responsible for at least five but less than 50 grams of methamphetamine on each count.

2

attributable to Coffindaffer because his 180-month sentence did not exceed the applicable statutory maximum sentence of 40 years under 21 U.S.C. § 841(b)(1)(B)(viii).[2]  See United States v. Booker, 125 S.Ct. 738, 756 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved by a jury beyond a reasonable doubt.") (emphasis added); United States v. Rodriguez, 398 F.3d 1291, 1300-01 (11th Cir.) (concluding that extra-verdict enhancements under an advisory Guidelines system are constitutionally permissible), cert. denied, 125 S.Ct. 2935 (2005).[3]

B.    Vindictiveness

Coffindaffer next contends that his 180-month sentence creates a "presumption of vindictiveness" because his co-conspirator, Devyn Edwards, was sentenced to 48 months' imprisonment.  Coffindaffer also asserts that the district

---

[2]We note that Coffindaffer's reliance on our decision in United States v. Garcia, 405 F.3d 1260 (11th Cir. 2005) is misplaced.  In Garcia, we vacated a defendant's sentence because the district court in that case applied the Guidelines as mandatory and determined that the defendant was responsible for 312 marijuana plants, despite the jury's 100-plant finding.  Id. at 1275-76.

[3]We do not address Coffindaffer's arguments -- raised for the first time in his reply brief -- that (1) the government presented evidence at trial that inflated the number of pseudoephedrine pills purchased by Coffindaffer to increase the drug quantity attributable to him and (2) the jury believed that Coffindaffer's co-conspirator, Devyn John Edwards, exaggerated Coffindaffer's role in the offense.  See United States v. Whitesell, 314 F.3d 1251, 1256 (11th Cir. 2002) ("We need not address this issue because [defendant] raises it for the first time in his reply brief.").

3

court calculated his sentence as punishment for Coffindaffer's decision to proceed to trial after initially pleading guilty.[4]

Here, the district court did not engage in vindictiveness by giving Coffindaffer a higher sentence than Edwards received. Instead of proceeding to trial, Edwards pled guilty to conspiracy to manufacture 50 grams or more of methamphetamine; and he was sentenced to 97 months' imprisonment. After the district court granted the government's motion to reduce Edwards's sentence for his cooperation, Edwards's sentence was reduced to 48 months' imprisonment. See United States v. Barner, 441 F.3d 1310, 1321 (11th Cir. 2006) (noting that a defendant who rejected a plea agreement is not "entitled to go to trial with some sort of assurance that if he loses he will not receive a longer sentence than those of his co-defendants who pleaded"); United States v. Malekzadeh, 855 F.2d 1492, 1498 (11th Cir. 1988) (explaining that a "sentencing court needs a method to reward those who had cooperated and to encourage those who might cooperate in the future. [That a co-defendant] who cooperated received a lesser sentence is

---

[4]Because Coffindaffer did not raise this claim before the district court, we review only for plain error. See Rodriguez, 398 F.3d at 1298. Therefore, Coffindaffer must establish "(1) error, (2) that is plain, and (3) that affects substantial rights." Id. (internal quotation omitted). "If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation omitted).

entirely consistent with this policy"). Coffindaffer has not shown error by the district court, much less plain error.[5]

C. Denial of Safety-Valve Relief

Coffindaffer contends that the district court improperly delegated its judicial authority to the government because, after Coffindaffer indicated at his initial sentencing hearing that he wanted to go to trial, the government argued that Coffindaffer "would not be entitled to accept a safety valve." We disagree.

When reviewing the denial of safety-valve relief, we review for clear error a district court's factual determinations, while we review the court's legal interpretations de novo. United States v. Johnson, 375 F.3d 1300, 1301 (11th Cir. 2004). "Safety-valve relief allows for sentencing without regard to any statutory minimum, with respect to certain offenses, when specific requirements are met."

---

[5]We are not persuaded by Coffindaffer's reliance on the Supreme Court's decision in North Carolina v. Pearce, 89 S.Ct. 2072 (1969). In Pearce, the defendants -- who had received new trials because of defects in their original trials -- were sentenced to terms of imprisonment that exceeded the sentences originally imposed; and the Supreme Court explained that "[d]ue process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." Pearce, 89 S.Ct. at 2080. Unlike the situation in Pearce, Coffindaffer -- significantly -- was sentenced only once. See United States v. Nelson, 837 F.2d 1519, 1526 (11th Cir. 1988) (distinguishing Pearce from the situation where a defendant was sentenced -- for the first time -- after pursuing an interlocutory appeal of the government's attempted forfeiture and concluding that the defendant "may not now claim that the district court was vindictive simply because he is dissatisfied with the sentence imposed"). We also conclude that Coffindaffer's arguments that the district court demonstrated its vindictiveness "when the judge forced to trial a sick defense attorney" and indicated frustration with the need for continuances during Coffindaffer's trial are without merit.

5

United States v. Brehm, 442 F.3d 1291, 1299 (11th Cir. 2006). The burden is on the defendant to show that he has met all of the safety-valve requirements, including this one:

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . .

18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5); see also Johnson, 375 F.3d at 1301.

Here, contrary to Coffindaffer's argument, the district court reached its own conclusion that Coffindaffer was not eligible for safety-valve relief. Edwards testified that, as soon as officers announced their presence outside of the storage unit where he and Coffindaffer were producing methamphetamine, they began hiding and destroying their methamphetamine-producing supplies and pouring bags of cement over the supplies. In contrast, Coffindaffer testified that he did not break anything in the storage unit until he fell over a table. The district court did not clearly err in denying Coffindaffer safety-valve relief.

D.     Guidelines Application

Coffindaffer argues that the district court erred in not reducing his offense level for acceptance of responsibility, U.S.S.G. § 3E1.1, or for playing a minor

6

role in the criminal offense, U.S.S.G. § 3B1.2(b), and in applying an enhancement for substantial harm to human life, U.S.S.G. § 2D1.1(b)(6)(B) (2004).

On Coffindaffer's claim that the district court erred in denying him a downward adjustment for acceptance of responsibility, we note that Coffindaffer chose to proceed to trial; and as we discussed, Coffindaffer's testimony conflicted with Edwards's testimony about how they tried to destroy their methamphetamine-producing supplies.

The district court's decision not to apply a downward adjustment for acceptance of responsibility was not clearly erroneous. See United States v. Moriarty, 429 F.3d 1012, 1022-23 (11th Cir. 2005) (explaining that we review the denial of an acceptance-of-responsibility adjustment for clear error and noting that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review"); U.S.S.G. § 3E1.1 cmt. n.1(a) ("[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility[.]").

We also conclude that the district court committed no clear error in denying Coffindaffer a minor-role reduction. Coffindaffer testified that he supplied

Edwards with the pseudoephedrine pills and canned fuel needed to produce methamphetamine and also that he cleaned the supplies used to make methamphetamine. Coffindaffer was not less culpable than Edwards for the relevant conduct for which Coffindaffer was held responsible. See United States v. De Varon, 175 F.3d 930, 937, 940 (11th Cir. 1999) (en banc) (explaining that we review the denial of a minor role reduction for clear error and that a sentencing court should consider "the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing").

And we affirm the district court's application of an enhancement for substantial harm to human life. The storage unit where Coffindaffer and Edwards produced methamphetamine was adjacent to a storage unit where a bakery stored its bread; and product of the methamphetamine operation leaked into the bakery's storage unit. In addition, the officers who investigated Coffindaffer's methamphetamine operation were exposed to a foul smelling odor and had to receive medical treatment. See U.S.S.G. § 2D1.1 cmt. n. 20(A)(iv) (explaining that, in determining whether an offense created a substantial risk of harm to human life, the court shall consider, among other things, "[t]he location of the laboratory (e.g., whether the laboratory is located in a residential neighborhood or a remote area) and the number of human lives placed at substantial risk of harm").

8

E.    Consideration of 18 U.S.C. § 3553 Factors

Coffindaffer contends that, in determining his sentence, the district court did not consider the factors set out in 18 U.S.C. § 3553(a); and he asserts that the district court erred in refusing his request -- made after the court pronounced its sentence -- to explain its reasons for the sentence imposed.[6]  We construe Coffindaffer's argument as contending that the district court did not comply with 18 U.S.C. § 3553(c)(1), which requires that the sentencing court state its reason for imposing a sentence at a particular point within a defendant's Guidelines range when the sentence exceeds 24 months' imprisonment; and we review this issue de novo.  See United States v. Bonilla, 463 F.3d 1176, 1181 (11th Cir. 2006).

At Coffindaffer's sentencing hearing, the district court determined that his Guidelines imprisonment range was 168 to 210 months.  The district court then sentenced Coffindaffer to 180 months' imprisonment pursuant to the Sentencing Reform Act of 1984.  Before Coffindaffer was sentenced, the parties raised arguments about applying the section 3553(a) factors.  The district court did not

---

[6]Coffindaffer was sentenced after Booker; so the district court was required to calculate correctly his advisory Guidelines range and to consider the section 3553(a) sentencing factors.  See United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).  Under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities.  See 18 U.S.C. § 3553(a)(1)-(7).

9

comment on these arguments; nor did the court make a statement that explained how it calculated Coffindaffer's sentence or that indicated that the court applied the section 3553(a) factors.[7] And the district court did not seem to notice the request by Coffindaffer's lawyer for an explanation of the reasons for the particular sentence imposed. The district court failed to provide the required statement of reasons that complies with 18 U.S.C. § 3553(c)(1). See Bonilla, 463 F.3d at 1181 ("[B]oth before and after Booker, we have disapproved the imposition of sentences with no consideration or mention of the [section] 3553(a) factors."); United States v. Williams, 438 F.3d 1272, 1274 (11th Cir. 2006) (remanding for compliance with section 3553(c)(1) because the district court offered no reason for the defendant's life sentence).

F.    Conclusion

Although the district court did not err in many of the ways Coffindaffer has contended, the sentencing did fail to comply with section 3553(c)(1). And for that

_____

[7]We note that, towards the beginning of Coffindaffer's sentencing hearing, Coffindaffer's lawyer told the district court that, under the Supreme Court's decision in Booker, district courts "are now suppose[d] to sentence using the criteria in 18 U.S.C. [§] 3553." The district court judge responded that he was "prepared to do that"; and we can consider these statements. See United States v. Suarez, 939 F.2d 929, 934 (11th Cir. 1991) ("When evaluating a district court's reasons for imposing a particular sentence, [we] may consider the record from the entire sentencing hearing and need not rely upon the district court's summary statement made at the closing of the sentencing hearing."). But, in imposing Coffindaffer's sentence, the district court judge did not indicate -- at all -- if he actually applied the section 3553(a) factors.

10

reason, we vacate the sentence and remand for resentencing consistent with this opinion.

VACATED AND REMANDED.