[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 31, 2008
THOMAS K. KAHN
CLERK

No. 07-11303
Non Argument Calendar

_____

D. C. Docket No. 04-14002-CR-KMM


UNITED STATES OFAMERICA,

                                        Plaintiff-Appellee,

        versus

SHANE JOSEPH COFFINDAFFER,

                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 31, 2008)**

Before EDMONDSON, Chief Judge, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Defendant-Appellant Shane Joseph Coffindaffer appeals his 180-month concurrent sentences imposed for conspiring and attempting to manufacture at least 5 but less than 50 grams of methamphetamine, 21 U.S.C. §§ 841, 846. No reversible error has been shown; we affirm.

Coffindaffer previously appealed his sentence; in that appeal, the panel rejected Coffindaffer's many sentencing arguments but remanded the case for resentencing because the district court had not adequately articulated its reasons for the given sentence, in violation of 18 U.S.C. § 3553(c)(1). United States v. Coffindaffer, No. 05-13152 (11th Cir. Nov. 13, 2006) (unpub.).[1] This case is back on appeal after remand.

On appeal, Coffindaffer raises the identical arguments he raised in his previous appeal that we already have rejected.[2] Thus, the law-of-the-case doctrine precludes us from addressing Coffindaffer's claims.

Under the law-of-the-case doctrine, the parties may not relitigate; and we may not reconsider, issues that were decided in an earlier appeal of the same case.

---

[1]The procedural history of this case is recited in the prior panel opinion. See id., No. 05-13152, manuscript op. at 2, n.1.

[2]These arguments include (1) whether the district court violated the Sixth Amendment by holding Coffindaffer accountable for a higher drug quantity than that authorized by the jury's verdict, (2) whether the Guidelines range correctly was calculated, and (3) whether the sentencing disparity between Coffindaffer's sentence and that of a codefendant rendered his sentence vindictive.

See United States v. Jordan, 429 F.3d 1032, 1035 (11th Cir. 2005). The law-of-the-case doctrine may be overcome when substantially different evidence is produced, controlling authority has changed, or the prior decision was clearly erroneous and application of it would result in manifest injustice. Jackson v. State of Alabama State Tenure Comm'n, 405 F.3d 1276, 1283 (11th Cir. 2005). Here, Coffindaffer does not argue that an exception to the law-of-the-case doctrine applies and, in fact, concedes that he raised these issues in his first appeal; he also does not argue that the district court failed to comply with the remand order. See United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996) (explaining that the mandate rule obligates district courts to adhere to the dictates of the appellate court's opinion and not assert jurisdiction over matters that are outside the scope of the mandate).

Accordingly, we affirm Coffindaffer's sentence without addressing the merits of his present appellate arguments.[3]

---

[3]While Coffindaffer presently argues that his sentence is unreasonable based on the sentencing disparity between him and his codefendant, the previous panel already addressed the disparity and determined that it was not vindictive. See Coffindaffer, No. 05-13152, manuscript op. at 3-5. To the extent Coffindaffer squarely has raised a reasonableness argument in this appeal, we conclude that he has not carried his burden in showing that his 180-month sentence, which is within the Guidelines range, is unreasonable. See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (the party challenging the sentence bears the burden of showing that it is unreasonable in the light of both the record and the factors in 18 U.S.C. § 3553(a); "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). In addition, Coffindaffer's sentence was far less than the 40-year statutory maximum. See United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir.

AFFIRMED.

---

2005) (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum). On remand, the district court considered sufficiently the section 3553(a) factors and arguments of the parties, including Coffindaffer's disparity argument. See United States v. Rita, 127 S.Ct. 2456, 2468-69 (2007) (a lengthy explanation is not necessarily required when a judge decides to follow the Guidelines in a particular case, especially where a sentencing judge has listened to the arguments of the parties, considered the supporting evidence, and was aware of the special conditions of the defendant).