UNITED STATES of America,
Plaintiff–Appellee,

v.

Raymond WHITESELL, Defendant–
Appellant.

No. 02–12655
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 17, 2002.

of 18 U.S.C. § 2252A(a)(5)(B), and he was sentenced to five years' imprisonment. In determining Whitesell's sentence, the district court noted that the applicable guideline for Whitesell's offense was U.S.S.G. § 2G2.4, but applied the cross-reference, § 2G2.4(c)(1), which states that "[i]f the offense involved causing ... a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, apply § 2G2.1." The court applied the cross-reference based on its factual finding that Whitesell had caused or permitted the victim, a 15–year–old girl, to photograph and videotape herself engaging in sexually explicit conduct, and its rejection of Whitesell's argument that direct verbal requests or suggestions are not "causation." Whitesell appeals his sentence, alleging that the district court's application of § 2G2.4(c)(1)'s cross-reference to § 2G2.1 was erroneous because the government failed to prove that he (1) knew the victim was a minor when the sexually explicit pictures and videos were created, and (2) "caused" the victim to engage in the conduct at issue. The crucial question in this appeal is whether the facts support a finding of "causing" as termed in § 2G2.4(c)(1). We find that they do and, therefore, affirm.

Police officers in Anchorage, Alaska, discovered nude photographic images and sexually explicit video files of the victim on the victim's computer. Upon further examination of the computer, authorities learned that the victim had engaged in internet chat sessions with Whitesell. While executing a search warrant at Whitesell's residence in Alabama, authorities learned from Whitesell that he had participated in internet chat sessions and telephone conversations with the victim. Upon examination of Whitesell's computer, authorities found nude photographic images and sexually explicit video files of the victim. In response to inquiries about the

Christine A. Freeman, Fed. Def., Montgomery, AL, for Defendant–Appellant.

Tommie Brown Hardwick, Montgomery, AL, for Plaintiff–Appellee.

Before CARNES, WILSON and FAY, Circuit Judges.

PER CURIAM:

Raymond Whitesell pled guilty to possession of child pornography, in violation

victim's age, Whitesell indicated that she was either 15 or 16.

During an interview with an Anchorage police officer, the victim stated that she met Whitesell in an internet chatroom, and they chatted several times over approximately ten months. The victim indicated that she initially told Whitesell that she was 18 years old, and she could not recall whether Whitesell had ever inquired about her age. According to the victim, her chats with Whitesell were usually sexual in nature and, on several occasions, Whitesell directed her to provide him with pictures and videos of her masturbating. Whitesell was specific in what he wanted the victim to do for him in the pictures and videos. Whitesell also sent the victim nude images of himself, but the victim "really didn't like it." As the relationship progressed, the victim became annoyed with Whitesell because he kept asking for more "sexual stuff."

Whitesell was indicted for possession of child pornography, in violation of § 2252A(a)(5)(B). The indictment charged that Whitesell "did knowingly possess a computer and other storage media containing three or more images of child pornography that had been mailed, shipped, and transported in interstate and foreign commerce by ... computer." Whitesell entered a plea of guilty. In establishing the factual basis for the offense, Whitesell stated that he met the victim in an internet chatroom and, during the course of their acquaintance, the victim sent him visual images of herself engaging in sexually explicit conduct. Whitesell admitted that he continued to possess the images after he learned that the victim was under the age of 18.

The presentence investigation report recommended a base offense level of 27, pursuant to § 2G2.1(a). In determining Whitesell's base offense level, the probation officer noted that (1) § 2252A referenced both U.S.S.G. §§ 2G2.2 and 2G2.4 in the statutory index, (2) both §§ 2G2.2 and 2G2.4 provided for a cross-reference to § 2G2.1 if the offense involved causing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and (3) the commentary to § 2G2.2 provided that the cross-reference should be broadly construed to include all instances where the offense involved persuading or inducing the victim to engage in explicit conduct for the purpose of making a visual depiction of such conduct. The probation officer concluded that the cross-reference to § 2G2.1 applied because Whitesell "directed the victim in the production of images of videos of herself engaged in sexually explicit conduct."

Thereafter, Whitesell filed a "Sentencing Memorandum," alleging that the cross-reference to § 2G2.1 did not apply to him because he never photographed or came into physical contact with the victim. During the first sentencing hearing, the district court found that § 2G2.4 was the applicable offense guideline. However, the court applied the cross-reference to § 2G2.1, based on its finding that Whitesell caused or permitted the victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. After sentencing Whitesell to five years' imprisonment, the district court *sua sponte* vacated the sentence to further consider argument and evidence about whether the cross-reference to § 2G2.1 was appropriate under the facts of this case.

Whitesell filed a "Supplemental Sentencing Memorandum," alleging that the cross-reference to § 2G2.1 did not apply because he was unaware of the victim's status as a minor when he was communicating with her and, thus, he did not act with the purpose of creating a visual depiction of a

person under the age of 18 involved in sexually explicit conduct. Whitesell also argued that he could not have "caused" the victim's behavior because "direct verbal requests or suggestions, when made from a distance of several thousand miles, are not causation."

The government responded, attaching transcripts of internet chatroom sessions dated May 18, 2001, in which Whitesell, whose internet chatroom name was "Gragerdon," described to a third party how he had convinced the victim to send him pictures of herself engaged in sexual activity with another girl. During one chat, Whitesell explained to the third party that the victim "didn't do anything [with the other girl] until I coaxed her . . . . it took a few hours of prompting too." Pointing out that he "can be manipulative if [he] tr[ies] hard enough," Whitesell revealed that he deliberately put a "dirty dream" in the victim's mind to induce her to engage in sexual behavior with another girl. In a second chat, Whitesell shared pornographic images, presumably of the victim, and stated that "she was 16 in that pic."

During the second sentencing hearing, John Gautier, a United States Customs Service special agent, testified that Whitesell admitted to him in an interview that he learned in June 2000 that the victim was less than 18 years old. Gautier also stated that, in a February 15, 2001, email message to the victim, Whitesell (1) told the victim that "she could pass for 18," and (2) requested that the victim make a sexually

explicit movie of herself for him. Finally, Gautier testified that the victim transmitted to Whitesell a sexually explicit photograph of herself and another girl on May 7, 2001, 11 days before Whitesell told his internet chat buddy that he had coaxed the victim to engage in sexually explicit conduct with another girl.

The district court found that the government had proved by a preponderance of the evidence that Whitesell knew in June 2000 that the victim was under 18 years of age. The district court also found that the May 2001 chatroom conversation, in which Whitesell described how he coaxed the victim to photograph herself and another girl engaging in sexually explicit conduct, constituted "causing and permitting" such behavior under § 2G2.4(c)(1). The court, therefore, applied § 2G2.4(c)(1)'s cross-reference to § 2G2.1 and sentenced Whitesell to five years' imprisonment, the statutory maximum penalty for the offense.[1]

Whitesell argues on appeal that the district court's application of § 2G2.4(c)(1)'s cross-reference to § 2G2.1 was erroneous because the government failed to prove by clear and convincing evidence that he knew the victim was a minor when the sexually explicit pictures and videos were created.[2]

 We review a district court's application of the Sentencing Guidelines *de novo*, and its findings of fact for clear error. *United States v. Trujillo*, 146 F.3d 838, 847 (11th Cir.1998). Whitesell was

---

1. Based on Whitesell's offense level of 26 and criminal history category of I, the guideline range of imprisonment for the offense was 63–78 months. U.S.S.G. Ch. 5, Pt. A, Sentencing Table. Because the statutory maximum penalty was less than the minimum of the applicable guideline range, the statutory maximum penalty of 60 months became the guideline sentence. *See* U.S.S.G. § 5G1.1(a).

2. Whitesell maintains that due process considerations require that sentencing factors that dramatically increase a defendant's sentence be proved by clear and convincing evidence. Whitesell concedes that this Court "has not yet required a higher standard of proof," and he argues in the alternative that the government failed to prove by a preponderance of the evidence that he knew the victim was a minor when the sexually explicit material was produced.

convicted for violating § 2252A(a)(5)(B), possession of child pornography, for which the appropriate guideline is § 2G2.4. Section 2G2.4, in turn, directs a district court to cross-reference § 2G2.1 "[i]f the offense involved causing, transporting, permitting, or offering ... a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." U.S.S.G. § 2G2.4(c)(1). The government must prove factors that trigger the cross-reference to § 2G2.1 only by a preponderance of the evidence, not, as Whitesell maintains, by clear and convincing evidence. *See United States v. Jackson*, 57 F.3d 1012, 1019 (11th Cir.) (stating that "it is the settled law of this circuit that at sentencing, a federal defendant's due process rights are satisfied by the preponderance of the evidence standard") (internal citations omitted), *cert. denied*, 516 U.S. 970, 116 S.Ct. 432, 133 L.Ed.2d 346 (1995).

■ The district court's factual finding, that Whitesell knew the victim was a minor when he induced her to photograph and videotape herself engaging in sexually explicit conduct, was supported by a preponderance of the evidence. Special agent Gautier testified that Whitesell admitted to him in an interview that he learned in June 2000 that the victim was less than 18 years old. On February 15, 2001, Whitesell (1) told the victim that "she could pass for 18," and (2) requested that the victim make a sexually explicit movie of herself for him. Also, a review of the above-mentioned chatroom discussions reveals that Whitesell coaxed the victim to send him a sexually explicit photograph of herself and another girl on May 7, 2001.

■ Next, Whitesell argues that the district court's cross-reference to § 2G2.1 was erroneous because the government failed to prove that he "caused" the victim to engage in sexually explicit behavior for purposes of photographing such behavior.

Whitesell contends that, in light of *United States v. Chapman*, 60 F.3d 894, 900 n. 8 (1st Cir.1995), which stated in a footnote that § 2G2.1 applies only if the defendant had physical contact with or personally photographed the victim, evidence of his "direct verbal requests or suggestions" was insufficient to prove that he "caused" or "permitted" the victim to engage in the conduct at issue. Whitesell points out that he never transported the minor, gave permission to the minor, or sought the minor by notice or advertisement. Whitesell also asserts that the legislative history of § 2252A indicates that defendants who merely use a computer to acquire and possess child pornography should be sentenced under § 2G2.4, rather than § 2G2.1.

Section 2G2.4(c)(1) directs district court's to cross-reference § 2G2.1 if the "offense involved 'causing' a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." U.S.S.G. § 2G2.4(c)(1). Section 2G2.4 does not elaborate as to what conduct constitutes "causing," and we have not yet addressed this issue. Whitesell urges us to adopt the First Circuit's definition of "causing," which requires that a defendant have physical contact with or personally photograph the victim. *See Chapman*, 60 F.3d at 900 n. 8. We decline to adopt the First Circuit's definition, however, because it is too restrictive. We conclude that a more applicable definition of the word is found in Webster's II New College Dictionary, which defines "causing" as "produc[ing] an effect, result, or consequence" or "[being] responsible for an action or result." Webster's II New College Dictionary, at 177 (1995).

■ Applying the dictionary definition of "causing" to this case, the record supports the district court's finding that Whitesell caused the victim's conduct. On

May 7, 2001, the victim transmitted to Whitesell a sexually explicit photograph of herself and another girl. Only 11 days later, Whitesell bragged to his chatroom buddy that the victim "didn't do anything [with the other girl] until I coaxed her .... it took a few hours of prompting too." The time frame in which the victim transmitted the pornographic photograph and Whitesell made his boastful comments shows that Whitesell's coaxing directly resulted in the victim photographing herself engaging in sexually explicit conduct. Whitesell's contention that he never transported, gave permission to, or sought the victim by notice or advertisement, is of no consequence in light of our conclusion that he caused the victim's behavior. *See* U.S.S.G. § 2G2.4(c)(1) (allowing cross-reference if offense involved causing, transporting, offering, or seeking by notice or advertisement). Also, Whitesell's contention that the legislative history of § 2252A indicates that he should be sentenced under § 2G2.4 is without merit. Regardless of Congress's intent as it pertains to defendants who merely use a computer to acquire and possess child pornography, Whitesell actually caused the victim to create the child pornography that he possessed, thereby implicating § 2G2.1. *See* U.S.S.G. § 2G2.4(c)(1).

Finally, Whitesell argues for the first time in his reply brief that the term "offense" as included in § 2G2.4(c)(1) includes only charged conduct; thus the district court's cross-reference to § 2G2.1 was improper because the conduct that triggered the cross-reference, i.e., causing the victim to photograph herself engaging in sexually explicit behavior, did not comprise an element of the offense of conviction. We need not address this issue because Whitesell raises it for the first time in his reply brief. *See United States v. Dicter,* 198 F.3d 1284, 1289 (11th Cir.1999) (stating that issues raised for the first time in a reply brief are waived on appeal). In any

event, Whitesell's contention is without merit. *See United States v. Miller,* 166 F.3d 1153, 1155 (11th Cir.1999) (stating that the term "offense" as used in § 2G2.2(c)'s cross-reference to § 2G2.1 includes both charged and uncharged offenses).

Accordingly, we conclude that the government sufficiently proved that Whitesell knew the victim was a minor when the sexually explicit pictures and videos were created. We further conclude that Whitesell "caused" the victim to engage in the conduct at issue. Thus, the district court's application of § 2G2.4(c)(1)'s cross-reference to § 2G2.1 was not erroneous, and we affirm Whitesell's sentence.

AFFIRMED.