[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---------------------------------------

No. 06-15553
Non-Argument Calendar

---------------------------------------

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**September 7, 2007**
**THOMAS K. KAHN**
**CLERK**

D.C. Docket No. 06-00097-CR-BAE-4

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

JACQUE ANDERSON,

                                        Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Georgia

----------------------------------------------------------------

**(September 7, 2007)**

Before EDMONDSON, Chief Judge, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

    Defendant-Appellant Jacque Anderson appeals his sentence for interference

with commerce by robbery, 18 U.S.C. § 1951.  No reversible error has been

shown; we affirm.

Here, the district court sentenced Anderson to 72 months' imprisonment, which was above his advisory sentencing guidelines range of 46 to 57 months' imprisonment. On appeal, Anderson argues that the district court applied an upward departure to his sentence pursuant to U.S.S.G. § 4A1.3(a) but did not provide an adequate explanation to support this departure, as required by U.S.S.G. § 4A1.3(c) and 18 U.S.C. § 3553(c)(2).[1]

But the government responds that the district court sentenced Anderson above his advisory guidelines range as a variance, not as a departure; and for that reason, the district court was not required to provide the explanations described by Anderson. We agree.

Anderson was sentenced after the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005). We have determined that a higher-than-guidelines sentence is a variance, not an upward departure, in these circumstances: (1) the district court considered the adequacy of its correctly-calculated advisory guidelines range in the light of the 18 U.S.C. § 3553(a) factors and evidence presented at the sentencing hearing, and (2) the district court "exercised its post-Booker discretion to impose a reasonable

---

[1] About section 3553(c)(2), Anderson contends that the district court should have put written findings justifying its decision to depart in its judgment and commitment order.

sentence outside the sentencing guidelines range" because the district court concluded that a sentence within the range was inadequate to address a section 3553(a) factor. See United States v. Irizarry, 458 F.3d 1208, 1211-12 (11th Cir. 2006), petition for cert. filed, (U.S. Oct. 26, 2006) (06-7517).

Here, the district court discussed at sentencing that it had to consider the sentencing factors set out at 18 U.S.C. § 3553. The district court did not reference U.S.S.G. § 4A1.3 as a reason for Anderson's sentence; and the district court did not say that it was engaged in an upward departure. The district court acknowledged that Anderson's sentence exceeded his advisory guidelines range but explained its sentencing decision in the context of the section 3553(a) factors. For example, the district court explained that it was mindful that the public needed to be protected from Anderson. See 18 U.S.C. § 3553(a)(2)(C) (listing as a sentencing factor "the need for the sentence imposed to protect the public from further crimes of the defendant"). The district court also discussed that Anderson's crime involved pointing a firearm at a female store clerk and that other people were in the vicinity of the store being robbed. See id. § 3553(a)(1) (discussing "the nature and circumstances of the offense" as a sentencing factor). In addition, the district court considered Anderson's "criminal past." See id.

(listing as a sentencing factor "the history and characteristics of the defendant").[2]
The district court judge was not required to discuss all of the section 3553(a) factors at the sentencing hearing. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

Therefore, the district court did not apply an upward departure to Anderson's sentence under U.S.S.G. § 4A1.3; Anderson's above-guidelines sentence was a variance.[3] See Irizarry, 458 F.3d at 1211-12. And we are not persuaded that the district court -- which explained at the sentencing hearing its reasons for imposing an above-guidelines sentence -- committed reversible error under 18 U.S.C. § 3553(c)(2) by not including written findings to support Anderson's sentence in its order of judgment and commitment.[4]

_____

[2]Anderson argues that because the district court also discussed that his criminal history category did not adequately reflect his past criminal conduct, the district court applied an upward departure pursuant to U.S.S.G. § 4A1.3(a). But -- based on the entire record of Anderson's sentencing hearing -- the sentence imposed was a variance, not a departure.

[3]We do not consider Anderson's contention -- raised for the first time in his reply brief -- that the district court should have provided him with notice that he might be sentenced outside of his guidelines range. See United States v. Whitesell, 314 F.3d 1251, 1256 (11th Cir. 2002). Even if Anderson had properly raised this argument, we would reject it because the district court was not required to give Anderson advance notice of a variance. See Irizarry, 458 F.3d at 1212 ("After Booker, parties are inherently on notice that the sentencing guidelines range is advisory . . . . [P]arties cannot claim unfair surprise or inability to present informed comment . . . when a district court imposes a sentence above the guidelines range based on the section 3553(a) sentencing factors.").

[4]Anderson has offered no authority indicating that sentencing courts must comply with section 3553(c)(2) in imposing an above-guidelines sentence that was a variance. And even if we were to conclude that the district court should have complied with section 3553(c)(2), Anderson -- who did

We turn to Anderson's contention that, after Booker, a district court violates the Sixth Amendment by making factual findings that "require a higher sentence" under the guidelines. It appears that Anderson argues that, by sentencing him above his advisory guidelines range, the district court violated the Sixth Amendment.

In Booker, the Supreme Court reaffirmed that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S.Ct. at 756. Here, the statutory maximum sentence for Anderson's offense -- to which he pled guilty pursuant to a plea agreement -- was 20 years' imprisonment. See 18 U.S.C. § 1951(a). Anderson's sentence was far below the statutory maximum; no constitutional violation occurred.

In sum, Anderson's sentence was a variance, which is permitted after Booker because the guidelines are -- as the district court recognized -- advisory.

AFFIRMED.

---

not raise this issue before the district court -- has not shown harmful error.