[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 07-15077
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 30, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-22848-CV-ASG

ALEXIS SICILIA,

Plaintiff-Appellant,

versus

UNITED PARCEL SERVICE, INC.,
a foreign corporation,

Defendant-Appellee.

----------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------

**(May 30, 2008)**

Before EDMONDSON, Chief Judge, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Alexis Sicilia appeals the grant of summary judgment in

favor of his former employer United Parcel Service ("UPS"), in Sicilia's suit

claiming violations of the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10 et seq.[1] No reversible error has been shown; we affirm.

Sicilia started working at UPS in 1997, but never informed anyone there that he had been diagnosed with epilepsy until after he suffered his first seizure at work in February 2006. Sicilia then was working a night shift as an Export PM shift clerk.[2] The seizure lasted only a few minutes, and he returned to his normal work activities afterwards. At a later doctor's visit, Sicilia's doctor told him he likely was having breakthrough seizures because of noncompliance with his medication. Sicilia had a second seizure in April 2006, but again, he did not lose time from work because of it.

After the second seizure, Sicilia told his doctor that he thought the seizures were caused by working the night shift. The doctor recommended that Sicilia stop working the night shift. In June 2006, UPS sent Sicilia to another doctor for a "fitness for duty" evaluation to determine if he could continue working as an Export PM shift clerk. This doctor restricted Sicilia to working the day shift and having no quality control responsibilities.

---

[1] Sicilia originally filed his disability discrimination suit in Florida state court, but UPS removed it to federal court based on diversity of jurisdiction. See 28 U.S.C. §§ 1332(a), 1446. Sicilia then filed an amended complaint adding a claim for retaliation under the FCRA.

[2] In this position, it was essential that Sicilia be able to work nights and perform quality control functions.

Because of the doctor-imposed restrictions, UPS removed Sicilia from the Export PM shift clerk position in July 2006. Because no other positions were then available, UPS suspended his employment but continued to pay his benefits while he looked for another position. In August 2006, Sicilia requested a job-related accommodation; but Sicilia's doctor filled out the required medical forms and stated that Sicilia could perform all functions of his position. UPS, thus, concluded that Sicilia did not qualify for an accommodation. Still, UPS informed Sicilia of available positions. And Sicilia applied for two available day-shift positions. The positions were filled by equally-qualified employees who had worked for UPS longer than Sicilia, pursuant to UPS's length-of-service seniority system. Sicilia received UPS benefits for the seven months he was not working but eventually UPS terminated his employment.

In his complaint, Sicilia contended that his epilepsy diagnosis qualified him as "handicapped" under the FCRA. He alleged that UPS suspended and terminated him because of his epilepsy and failed to provide him with a reasonable accommodation. The district court concluded that UPS was entitled to summary judgment because Sicilia had not demonstrated that he was disabled under the FCRA and, thus, had failed to make a prima facie case of disability discrimination.

On appeal, Sicilia argues that the district court erred when it failed to

3

construe the FCRA with Fla. Stat. § 385.207(1) in making its handicap determination. Sicilia posits that section 385.207(1) gives a particularized definition of "handicap" for FCRA purposes. We review a district court's grant of summary judgment <u>de novo</u>; and we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party. <u>Maniccia v. Brown</u>, 171 F.3d 1364, 1367 (11th Cir. 1999).

Disability discrimination claims raised under the FCRA are analyzed under the same framework as the Americans With Disabilities Act ("ADA"). <u>Greenberg v. Bellsouth Telecomm., Inc.</u>, 498 F.3d 1258, 1263-64 (11th Cir. 2007).[3] And a plaintiff qualifies as disabled under the ADA if, in pertinent part, he has a physical or mental impairment that substantially limits a major life activity. 42 U.S.C. § 12102(2)(A).

Sicilia's epilepsy does not substantially limit him in a major life activity. By his own admission, his seizures are infrequent, not severe, and controlled with medication; he can tell when he is going to have a seizure and does not lose consciousness during one. <u>See generally</u> <u>Sutton v. United Air Lines, Inc.</u>, 119

---

[3]To establish a <u>prima facie</u> case of disability discrimination under the ADA, a plaintiff must show that (1) he has a disability; (2) he is a qualified person; and (3) his employer unlawfully discriminated against him because of his disability. <u>Reed v. Heil Co.</u>, 206 F.3d 1055, 1061 (11th Cir. 2000).

S.Ct. 2139, 2146-47 (1999) (if a plaintiff's impairment is corrected by medication or other measures, he does not have an impairment that presently substantially limits a major life activity). In addition, he lost no work time because of the two seizures he suffered.

Even with the doctor-imposed restrictions, Sicilia still can perform certain jobs. See id. at 2151 ("when the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that" a plaintiff allege he is unable to work in a broad class of jobs); see also 29 C.F.R. § 1630.2(j)(3)(i) ("inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working").[4]

Sicilia also argues that UPS did not meet its burden in showing that they attempted to accommodate him reasonably. But because Sicilia did not qualify as disabled, UPS was not required to accommodate him. See Earl v. Mervyns, Inc., 207 F.3d 1361, 1365 (11th Cir. 2000) (employers must provide a reasonable accommodation only for employees with known disabilities). Even if Sicilia did qualify for an accommodation, UPS was not required to violate its own seniority

---

[4]We reject Sicilia's argument that the district court erred in applying the ADA framework instead of construing the FCRA in conjunction with section 385.207(1). Section 385.207 directs the Department of Health to establish programs for the medical care and assistance of persons with epilepsy; it is no civil rights statute. This statute is unrelated to the FCRA and is not required to be read in conjunction with it. In addition, both federal and state caselaw plainly mandate that disability claims under the FCRA be analyzed under the ADA.

5

system to accommodate him to the day-shift positions for which he applied. See U.S. Airways, Inc. v. Barnett, 122 S.Ct. 1516, 1524 (2002) (explaining that it ordinarily will be unreasonable for an employer to violate its own seniority system to accommodate an otherwise qualified disabled person); Fla. Stat. § 760.10(8)(b).[5]

We turn to Sicilia's retaliation claim. He alleged that UPS suspended and terminated him in retaliation for filing his administrative and civil complaints. Sicilia filed his charge of discrimination with the EEOC after his employment was suspended and filed his state court complaint in November 2006. Soon after, UPS removed the state action to federal court. In February 2007, UPS informed Sicilia that his employment would be terminated as of 3 March 2007. The district court concluded that no causal connection existed between his protected activities and his suspension and termination.

To establish a prima facie case of retaliation under the ADA, a plaintiff must show that (1) he engaged in statutorily protected expression, (2) he suffered an adverse employment action, and (3) the adverse action causally was related to the protected expression. Higdon v. Jackson, 393 F.3d 1211, 1219 (11th Cir.

---

[5]We decline to address Sicilia's appellate arguments that he was not required to prove discriminatory intent and that UPS regarded him as disabled: he raised these arguments for the first time in a reply brief. See United States v. Whitesell, 314 F.3d 1251, 1256 (11th Cir. 2002).

2004).[6] To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct and that the protected activity and the adverse act were at least somewhat related and in close temporal proximity. Id. at 1220.

Sicilia's retaliation claim is defeated because he can show no causal link between his suspension and termination and the filing of his EEOC charge and civil rights complaint. He was removed from his position before he filed his EEOC charge and state court complaint. See Griffin v. GTE Fla., Inc., 182 F.3d 1279, 1284 (11th Cir. 1999) (stating that the adverse act must follow the protected conduct). And the 4-month period between when he filed his state court complaint and when he was terminated is, by itself, insufficient to establish retaliation See Higdon, 393 F.3d at 1221 (stating that three-month interval between protected speech and adverse act is too long, standing alone, to establish an inference of retaliation). Sicilia has presented no other causation evidence. Therefore, the district court properly granted summary judgment to UPS on the retaliation claim.

AFFIRMED.

---

[6]Retaliation claims under the FCRA's anti-retaliation provision, section 760.10(7), are analyzed under the framework of Title VII. See Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998). And we assess ADA retaliation claims under the same framework as Title VII retaliation claims. Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1328 (11th Cir. 1998).