[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11065
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 19, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00148-CR-JFN-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEAUNBREY ANTONIO GARDNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 19, 2010)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Deaunbrey Antonio Gardner appeals his conviction and sentence following a

bench trial for being a felon in possession of a firearm. He also argues that insufficient evidence supports his conviction because the government failed to show he actually or constructively possessed any firearms. He argues that the district court imposed a procedurally unreasonable sentence because it failed to consider the 18 U.S.C. § 3553(a) factors when imposing his 120-month custodial sentence.[1] We "review challenges to the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government." *United States v. Futrell*, 209 F.3d 1286, 1288 (11th Cir. 2000). While ordinarily a party must move for a judgment of acquittal at trial in order to preserve a sufficiency of the evidence argument on appeal, it is not necessary to do so in a bench trial. *United States v. Hurn*, 368 F.3d 1359, 1368 n.5 (11th Cir. 2004).

"To establish a violation of 18 U.S.C. § 922(g)(1), the government must prove three elements: (1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce." *United States v. Beckles*, 565 F.3d 832, 841 (11th Cir.) *cert. denied*, 130 S.Ct. 272 (2009) (quotation omitted); 18 U.S.C. § 922(g). Gardner stipulated that he was a felon and that the firearms had been

---

[1]To the extent he raises a challenge to the sentencing proceedings because he suffered "manifest injustice" due to the government referencing the fact that he faced state murder charges based on one of the guns for which he was convicted, we do not consider it because he raises it for the first time in his reply brief. *United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir. 2002).

shipped and transported in interstate commerce. Accordingly, possession was the only element at issue in Gardner's trial.

"Possession of a firearm may be either actual or constructive," and "[t]he Government can establish constructive possession of a firearm by proving ownership, dominion, or control over the firearm." *United States v. Brown*, 587 F.3d 1082, 1091 (11th Cir. 2009) (citation and quotations omitted).

Based on this record, we affirm. The government presented evidence that established that guns were found by the couch where Gardner slept, a witness saw him holding what appeared to be some of the seized guns, and he made statements indicating both knowledge of the guns' presence and a desire to keep law enforcement from knowing about them. Under the circumstances, a reasonable finder of fact could find that Gardner had actual or constructive possession of the guns.

Upon review of the parties' briefs and the record, we also affirm Gardner's sentence. During the sentencing hearing, the district court discussed Gardner's family, educational, and employment history, his criminal past, the nature of the offense and Gardner's underlying prior felony conviction, and the applicable Guideline and statutory provisions. It gave particular attention to Gardner's criminal history, noting that he had "a terrible record" and that it found he had no

3

redeeming qualities.  Thus, although the § 3553(a) factors were not specifically mentioned, their content was considered.

**AFFIRMED.**