[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15038
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cr-00029-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANNY RAY MURPHY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 20, 2018)

Before MARTIN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Danny Murphy appeals his 480-month sentence imposed after being convicted of conspiring to receive and possess child pornography in violation of 18 U.S.C. § 2252A(b)(1) and (b)(2) and receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).  Murphy challenges the district court's decision to apply U.S.S.G. § 2G2.2(c)(1)'s cross reference to U.S.S.G. § 2G2.1 in his sentencing because he asserts he did not produce or cause the production of child pornography.  He also contends his sentence is substantively unreasonable because of his lack of criminal history, his rough childhood, his history of public service, and because his offenses were an aberration.  After review, we affirm Murphy's sentence.

## I.  DISCUSSION

*A.  U.S.S.G. § 2G2.2(c)(1)*

The Sentencing Guidelines ranges for child pornography offenses in violation of 18 U.S.C. § 2252A are calculated under § 2G2.2.  U.S.S.G. § 2G2.2 & App. A.  Section 2G2.2(c)(1) provides that when an offense "involved causing . . . permitting . . . or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct . . . apply § 2G2.1," if § 2G2.1 will result in a higher offense level than under § 2G2.2.  U.S.S.G. § 2G2.2(c)(1).  This cross reference "is to be construed broadly and includes all instances where the offense involved employing, using . . .

permitting . . . or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct." U.S.S.G. § 2G2.2, comment. (n.7). The government must prove factors triggering § 2G2.2's cross reference to § 2G2.1 by a preponderance of the evidence. *United States v. Whitesell*, 314 F.3d 1251, 1255 (11th Cir. 2015).

We have concluded that "causing" in § 2G2.2(c)(1) means "producing an effect, result, or consequence or being responsible for an action or result." *Id.* (quotations and alterations omitted). We have not defined "seeking by notice or advertisement" under § 2G2.2(c)(1). The Seventh Circuit concluded requesting live performance child pornography videos from others on an internet chat room could be expected to induce them to make such videos, and that conduct met the definition of seeking, by notice or advertisement. *United States v. Nicoson*, 793 F.3d 761, 763-64 (7th Cir. 2015). Likewise, the Tenth Circuit held the cross reference applies to "the active solicitation" of child pornography, and concluded that asking someone to take pictures of children engaged in sexual acts was seeking, by notice or advertisement under § 2G2.2(c)(1). *United States v. Garcia*, 411 F.3d 1173, 1179 (10th Cir. 2005).

The district court did not err in applying the cross reference in U.S.S.G. § 2G2.2(c)(1) because the facts support that Murphy actively sought the production of child pornography. *See Whitesell*, 314 F.3d at 1254 (reviewing *de novo* a

3

district court's interpretation and application of the Sentencing Guidelines and reviewing findings of fact for clear error). In applying the cross reference, the district court made the following findings:

> [W]e have an ongoing conspiracy relationship between Mr. McConnell and Mr. Murphy over the course of several months in which there is not only active ongoing abuse, raping of this young child, but also requests for images from Mr. McConnell.
>
> And the key for my decision—to my decision is that Mr. Murphy was well aware, based on his communications and the context of the conspiracy that he's been found guilty of, based on his communications with Mr. McConnell, he knew the abuse was ongoing and he continued to request photographs—or images, videos or images, of the child and the abuse of the child, and so I think that does trigger the cross reference in this case.  Because I do believe that the Sentencing Commission intended to punish more harshly someone engaged in a conspiracy to receive child pornography who actively solicits for images produced of that ongoing—from that ongoing abuse.  So, I'm going to apply it.

These findings support the imposition of the cross reference.  Murphy's requests of additional pictures and video of McConnell sexually assaulting and raping his three-year old son were "seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct."  *See Nicoson*, 793 F.3d at 763-64, *Garcia*, 411 F.3d at 1179.  Furthermore, Murphy's requests for additional pictures over a period of three months were soliciting McConnell to take more pornographic pictures of his son to send to Murphy.  Because Murphy was soliciting pornographic images from

4

McConnell of the ongoing sexual abuse of his son, we affirm the application of the cross reference.

*B.  Reasonableness*

We review the substantive reasonableness of a sentence for an abuse of discretion.  *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (*en banc*).  When considering the substantive reasonableness of a sentence, we look to the totality of the circumstances and the § 3553(a) factors.  *United States v. Johnson*, 803 F.3d 610, 618 (11th Cir. 2015).  We will vacate a sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotations omitted).

Murphy's Guidelines range sentence was life imprisonment, but because the statutory maximums for Murphy's offenses were less than the Guidelines sentence, the court sentenced Murphy to consecutive statutory maximums of 240 months for Count 1 and 240 months for Count 2 for a total of 480 months' imprisonment. This 480-month sentence is substantively reasonable under the § 3553(a) factors. Although Murphy had no criminal history, a rough childhood, and years of public service, he actively encouraged the rape of a three-year old by his father by requesting pictures and videos.  In addition, Murphy stated that he wished he could

5

also rape the victim.  These actions were not an aberration as Murphy claims because they took place repeatedly over a period of three months.  Murphy's sentence reflects the seriousness of his offenses, provides just punishment for them, affords adequate deterrence and protects the public against future similar offenses, and promotes respect for the law.  *See* 18 U.S.C. § 3553(a)(1)–(2).

## II.  CONCLUSION

The district court did not err in applying the cross reference and Murphy's sentence is substantively reasonable.  Accordingly, we affirm.

**AFFIRMED.**