[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14987
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cr-00538-KOB-JHE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER A. MCNABB,
a.k.a. Rudy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 27, 2020)

Before ROSENBAUM, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Christopher McNabb appeals his convictions for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and two counts of possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). He argues that the district court erred in denying his motion to suppress evidence and in admitting his statements made to law enforcement officers at trial. After review, we affirm.

## I.    Background

A federal grand jury indicted McNabb on four counts, charging him with: (1) being a felon in possession of a firearm and ammunition, 18 U.S.C. § 922(g)(1) (Count One), (2) two separate counts of possession of an unregistered firearm, 26 U.S.C. § 5861(d) (Count Two and Count Three), and (3) being a felon in possession of an explosive, 18 U.S.C. § 842(i)(1) (Count Four).[1] Before trial, McNabb filed a motion to suppress evidence of the firearms and ammunition that formed the basis for his indictment, arguing that they were found pursuant to an illegal search. McNabb argued that although the government obtained a search warrant to search the residence at 270 McNabb Road, the officers exceeded the

---

[1] Specifically, the indictment charged illegal possession under each count as follows. For Count One, McNabb knowingly possessed a Davis Industries Model P380 .380 caliber pistol, a Bryco Arms Model 38 .380 caliber pistol, and .270 caliber and .25 caliber ammunition, all of which had been shipped and transported in and affecting interstate commerce. For Count Two, McNabb knowingly received and possessed an unregistered Diamondback Arms Model DB-15 .223 Remington caliber firearm. For Count Three, McNabb knowingly received and possessed an unregistered SWD Model M-11 9mm Luger caliber machinegun. For Count Four, McNabb knowingly received and possessed explosives--three shock tube explosive detonators.

scope of the warrant by searching other buildings, outbuildings, trailers, and cars on the lot.  He alleged that it was during this illegal search that the government found the firearms and ammunition underlying his convictions.

At the suppression hearing on April 15, 2019, a Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") agent testified that federal agents obtained a search warrant for the residence at 270 McNabb Road in Jefferson County, Alabama based on information provided by a reliable confidential informant that McNabb, a convicted felon, had firearms inside that residence (the "federal search warrant").  ATF requested assistance from the Jefferson County Sheriff's Office because McNabb had a State of Alabama arrest warrant for possession of a controlled substance.  While executing the federal search warrant on the main residence, they seized numerous firearms, including the firearms charged in Count One of the indictment.  In addition, an individual in the residence told the federal agents that McNabb was in the nearby log cabin (located on the property), prompting the federal agents and Jefferson County deputies to enter the cabin and arrest McNabb.  While arresting McNabb, the officers observed in plain view a pipe used to smoke methamphetamine, and the Jefferson County deputies obtained a state search warrant for narcotics which covered the log cabin.  The federal agents and Jefferson County deputies then searched the cabin pursuant to the state search warrant, during which they discovered several firearms and

3

ammunition, including the two firearms charged in Counts Two and Three of the indictment. At Agent Brantley's request and after being given *Miranda*[2] warnings, McNabb, as well as his family members who owned the main residence, provided written consent for the federal agents to seize the firearms and ammunition in the log cabin after being given *Miranda* warnings.

On cross-examination, the ATF agent acknowledged inconsistencies in several government documents related to the search. As relevant here, documents prepared after the search indicated that the inventory of items from the log cabin was completed at 8:00 am, while the search warrant for the log cabin was signed at 8:28 am. McNabb's counsel then introduced property records, one that stated 270 McNabb Road was owned by David Walker, another that stated it was owned by Edward McNabb.

After hearing the evidence presented at the suppression hearing, the magistrate judge submitted a report and recommendation ("R&R"), recommending that the district court deny McNabb's motion to suppress. The magistrate judge stated that McNabb failed to establish standing to challenge the search of the cabin because he did not have any expectation of privacy in it: he did not own the cabin and the only evidence he submitted to show that he had some expectation of privacy in the cabin was that he was sleeping in it. Alternatively, the magistrate

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

4

judge stated that McNabb did not establish that either the search of the main residence (supported by the federal search warrant) or the log cabin (supported by the state search warrant) was invalid, because he failed to point to any substantive error in either warrant that called into question the validity of the search or directly challenge either warrant's execution. The magistrate judge further noted that any inconsistencies in the government documents appeared to be merely clerical errors. While these errors may have "muddied the waters," they did not support a finding of any constitutional violation.

At the end of the R&R, the magistrate judge informed the parties that they were required to file any objections to the R&R within 14 days of its entry. He further warned the parties that failure to object to the R&R "waives the right to challenge on appeal those same conclusions adopted in the district court's order." McNabb did not object to the R&R. The district court adopted and accepted the unopposed R&R and denied McNabb's motion to suppress.

The case proceeded to trial, during which the government introduced McNabb's statements to law enforcement on the day the search warrants were executed, April 30, 2018 (the "first interview"). McNabb raised the issue of whether *Miranda* warnings had been provided, and the government responded with evidence showing that a *Miranda* warning had been provided to McNabb. The government then introduced McNabb's statements that he made on May 14, 2018,

5

two weeks after the first interview, to federal agents while sitting in their parked car outside a Target department store (the "second interview"). By the time of the second interview, McNabb (who was out of jail on bond) had been in communication with law enforcement and had advised them that he wished to cooperate. McNabb raised a *Miranda* issue regarding the second interview, stating that "cleansing warnings" and a "modified *Miranda* warning" were required and had not been given. The government responded that McNabb should have filed a motion to suppress if he thought the statements were inadmissible. The district court asked the parties to brief the issue, but ultimately ruled there was no question as to the admissibility of the statements. McNabb did not pursue any more arguments on this issue during the remainder of the trial.

The jury returned a verdict of guilty on Counts One, Two, and Three, and a verdict of not guilty on Count Four. The district court entered judgment against McNabb on Counts One, Two, and Three, sentencing him to a 120-month term of imprisonment. This appeal followed.

## II.    Standard of Review

The district court's denial of a motion to suppress is a mixed question of fact and law. *United States v. Barsoum*, 763 F.3d 1321, 1328 (11th Cir. 2014). Accordingly, we review a district court's factual findings for clear error and its application of law to the facts *de novo*. *Id.*

6

III.     Discussion

A. McNabb Waived His Right to Challenge the District Court's Ruling on the Motion to Suppress

On appeal, McNabb argues that the district court erred when it denied his motion to suppress because (1) the search of the log cabin was unlawful, as it exceeded the scope of the federal warrant and was not otherwise justified, and (2) he had standing to challenge the search of the log cabin, since he was sleeping there as an overnight guest.  McNabb has waived both these arguments.

Under Rule 59(b)(2) of the Federal Rules of Criminal Procedure, a party waives the right to review of a magistrate judge's findings if the party does not file "specific written objections" within 14 days of being served with the R&R, or otherwise within the period the court sets.  Fed. R. Crim. P. 59(b)(2).  Additionally, Eleventh Circuit Rule 3-1 states that the failure to object to an R&R waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  11th Cir. R. 3-1. Generally, waived claims are not reviewed on appeal, not even for plain error. *United States v. Lewis*, 492 F.3d 1219, 1221 (11th Cir. 2007) (*en banc*).  Eleventh Circuit Rule 3-1 allows a limited exception of review for plain error where the interests of justice require it.  *See* 11th Cir. R. 3-1.

7

We decline to review McNabb's suppression arguments because he waived any right to challenge this issue on appeal by failing to object to the magistrate judge's R&R recommending the denial of his motion to suppress.  The magistrate judge informed McNabb of the time period for objecting and the consequences for failing to do so.  McNabb nevertheless failed to object to the R&R within that period and thus waived any right to challenge it on appeal.  *See* 11th Cir. R. 3-1; *see also* Fed. R. Crim. P. 59(b)(2).

In his reply brief, McNabb argues that we should exercise our discretion as permitted by Eleventh Circuit Rule 3-1 and review his claims for plain error.  We decline to do so for three reasons.  First, issues raised for the first time in a reply brief are waived. .  *See United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir. 2002).  By not arguing for the Rule 3-1 plain error review in his initial brief, McNabb has waived that argument as well.  Second, Rule 3-1 allows such review only when "in the interests of justice."  McNabb has not demonstrated that the interests of justice require such a review.  Finally, McNabb's claim does not survive the rigors of plain error review, given the multiple warrants and the consent form signed by the occupants of the residence.[3]

---

[3] Under plain error review, this Court, at its discretion, may correct an error where "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003).

B. McNabb's Challenge to the Admission of His Statements Fails Because He Was Not in Custody

McNabb also argues on appeal that the district court erred in admitting at trial a recording of his statements obtained by ATF agents during an interview on May 14, 2018, a few weeks after his arrest and the search of his home. McNabb argues that this interrogation, which took place within an ATF vehicle outside a Target store, was custodial in nature and thus required Miranda warnings. We disagree.

Persons subject to "custodial interrogation" are entitled to receive Miranda warnings before statements they make can be used against them at trial. *Berkemer v. McCarty*, 468 U.S. 420, 434 (1984). However, not every interrogation by a police officer is custodial in nature. *See id.* at 440–41. To assess whether someone was in "custody" for purposes of *Miranda* protection, a court must ascertain whether a reasonable person would have felt he or she was not free to leave the interview. *See Howes v. Fields*, 565 U.S. 499, 509 (2012). Even if someone might not feel free to leave, however, such as an inmate questioned at the prison where he is serving his sentence, *Miranda* does not apply unless the interview involves "the same inherently coercive pressures as the type of station house questioning at issue in *Miranda*." *Id*.

Here, a reasonable person would have felt free to leave, and also the interview lacked the coercive pressure needed to trigger the *Miranda* requirement.

McNabb was not in federal custody at the time of his May 14, 2018 interview. McNabb met the federal agents at a Target near his home. The meeting was arranged because McNabb had informed ATF that he wished to cooperate. Thus, McNabb voluntarily attended the meeting in a public location. A reasonable participant in such an interview would have felt free to leave, and the circumstances of the interview were not inherently coercive. Thus, *Miranda* warnings were not required, and the district court did not err in admitting the statements. *Howes*, 565 U.S. at 509.

Accordingly, for the reasons explained above, we affirm.[4]

**AFFIRMED.**

---

[4] McNabb also asserts that his counsel was constitutionally ineffective for failing to raise objections to the R&R. In the interest of avoiding piecemeal litigation and because ineffective-assistance claims are better suited for a timely § 2255 motion upon which a record can be established specifically on the issue of ineffective assistance, we decline to address McNabb's ineffective-assistance claim at this time. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (explaining that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance"); *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002) ("We will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record."). Here, the issue was not raised below, and there is no record developed for us to evaluation such a claim. McNabb is free assert this claim in a § 2255 motion.