[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-10930

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

VICTOR MANUEL BECERRA-RODRIGUEZ,

a.k.a. Victor Manuel R Becerra,

a.k.a. Victor M Becerra Rodriguez,

a.k.a. Victor M Becerra,

a.k.a. Victor Manuel Becerra,

a.k.a. Victor Becerra-Rodriguez,

a.k.a. Victor M Becerra-Rodriguez,

a.k.a. Victor Manuel Becerra-Rodriguez,

a.k.a. Manuel Rodriguez-Hernandez,

2                    Opinion of the Court                    21-10930

a.k.a. Gualberto Cruz Clemente,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:20-cr-00081-CG-N-1

_____

Before LAGOA, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Victor Becerra-Rodriguez appeals his conviction after plead-
ing guilty to aggravated identity theft, in violation of 18 U.S.C.
§ 1028A(a)(1).[1]  On appeal, Becerra-Rodriguez contends the district
court committed plain error -- under Fed. R. Crim. P. 11(b)(3) -- by

_____

[1] Becerra-Rodriguez raises no challenge to his conviction for illegal reentry
after deportation or removal, in violation of 8 U.S.C. § 1326(a). Nor does
Becerra-Rodriguez challenge the length of his sentence.

failing to secure a sufficient factual basis to support his guilty plea. No reversible error has been shown; we affirm.

In May 2020, police stopped a car driven by Becerra-Rodriguez. During the traffic stop, Becerra-Rodriguez presented a driver's license that included a photograph of Becerra-Rodriguez but a name and date-of-birth belonging to another person (G.C.). Becerra-Rodriguez later told officers that he had purchased the driver's license and a Social Security card (also in G.C.'s name) for $1,500.

A federal grand jury charged Becerra-Rodriguez with illegal reentry after deportation or removal, in violation of 8 U.S.C. § 1326(a) (Count One), and with aggravated identity theft (Count Two). In Count Two, the indictment explicitly alleged that Becerra-Rodriguez "did knowingly possess and use, without lawful authority, a means of identification of another individual . . . during and in relation to a felony violation [of] 8 U.S.C. § 1326(a), knowing that the means of identification belonged to another actual person identified herein by initials G.C."

At the plea colloquy, the district court confirmed that Becerra-Rodriguez had seen a copy of the indictment; also, he had an opportunity to discuss the indictment with his lawyer. The district court before Becerra-Rodriguez summarized the charges against him. The court said that Count Two charged Becerra-Rodriguez with "knowing that the means of identification belonged to another actual person whose initials were GC."

Becerra-Rodriguez told the district court that he was pleading guilty of his own free will and because he was "in fact guilty."

The district court then questioned Becerra-Rodriguez about the circumstances of the offense. Pertinent to this appeal, the district court asked Becerra-Rodriguez whether Becerra-Rodriguez knew when he possessed the identification cards that the identifying information belonged to another person. In response, Becerra-Rodriguez asked to confer with his lawyer. This exchange then followed:

> [DEFENSE ATTORNEY]: Your Honor, we knew that it did not belong to Mr. Becerra-Rodriguez.
>
> THE COURT: Okay. So you knew that the number wasn't your Social Security number?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And did you present that document to someone to claim that you were in fact entitled to be in the United States?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you satisfied with that factual basis . . . ?
>
> [PROSECUTOR]: Yes, sir. We would add that the defendant gave a statement after he was

confronted by the officers on the date in the indict-
ment indicating he knew the means of identification
did belong to a real person. So with that addition, I
think that would be sufficient.

THE COURT: Are you satisfied?

. . .

[DEFENSE ATTORNEY]: Your Honor, I
know that that's listed in the discovery. But we had
disputed that. However, he does admit that he did --
and this is in evidence -- that he did give a date of birth
which also belonged to the person listed on the Social
Security card.

Immediately following this discussion, Becerra-Rodriguez
pleaded guilty.[2] The district court accepted the plea, finding that
Becerra-Rodriguez's guilty plea was "supported by an independent
basis in fact containing each of the essential elements of the of-
fense." The district court later sentenced Becerra-Rodriguez to 41
months' imprisonment for Count One and a mandatory consecu-
tive 24-month sentence for Count Two.

On appeal, Becerra-Rodriguez contends the district court
erred in finding the factual basis sufficient to support his guilty plea

---

[2] Becerra-Rodriguez entered his guilty plea without a written plea agreement.

on Count Two. Becerra-Rodriguez argues that the record fails to establish adequately that Becerra-Rodriguez knew that the identifying information charged in Count Two belonged to a real person.

Because Becerra-Rodriguez raises this argument squarely for the first time on appeal, we review his argument only for plain error.[3] *See United States v. Puentes-Hurtado*, 794 F.3d 1278, 1285-86 (11th Cir. 2015) (reviewing for plain error the defendant's challenge -- first raised on appeal -- to the sufficiency of the factual basis for his guilty plea). Under the plain-error standard, the defendant must show (1) an error, (2) that was plain, and (3) that affected his substantial rights. *Id.* at 1286. If the defendant makes that showing, we have discretion to correct the error only if the error "seriously affect[s] the fairness integrity, or public reputation of judicial proceedings." *Id.*

An error is "plain" if it is "clear" or "obvious." *United States v. Gonzalez*, 834 F.3d 1206, 1218 (11th Cir. 2016). When a plain error is shown, the defendant then bears the burden of demonstrating that the error affected his substantial rights. *Id.* To show that a plain error affected substantial rights in the context of a guilty plea, a defendant "must show a reasonable probability that, but for the

---

[3] The government says we should decline to review the merits of Becerra-Rodriguez's argument based on the doctrine of invited error. Because we cannot conclude reasonably that Becerra-Rodriguez induced or invited the district court to determine that a sufficient factual basis supported the plea, the invited-error doctrine is inapplicable. For background, see *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006).

error, he would not have entered the plea." *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

To obtain a conviction for violation of 18 U.S.C. § 1028A(a)(1), the government must prove, among other things, that "the defendant knew that the means of identification at issue belonged to another person." *Flores-Figueroa v. United States*, 556 U.S. 646, 657 (2009). A defendant's knowledge that the means of identification belonged to a real person may be proven using circumstantial evidence. *United States v. Gomez-Castro*, 605 F.3d 1245, 1249 (11th Cir. 2010). We have said that "both the circumstances in which an offender obtained a victim's identity and the offender's later misuse of that identity can shed light on the offender's knowledge about that identity." *See United States v. Delva*, 922 F.3d 1228, 1249 (11th Cir. 2019).

We cannot conclude that the district court plainly erred in finding the factual basis sufficient to support Becerra-Rodriguez's guilty plea. Becerra-Rodriguez testified that he knew the identifying information did not belong to him and that he used the information to claim falsely that he was lawfully in the United States. That Becerra-Rodriguez paid $1,500 for the identification cards and presented the purchased driver's license for government inspection during a traffic stop further supports a finding that Becerra-Rodriguez knew the identifying information belonged to a real person. *See Gomez-Castro*, 605 F.3d at 1249 (concluding that evidence that the defendant paid $2,500 for a birth certificate and a social security card and then used those documents to apply for a United States

passport, credit cards, and a driver's license was sufficient to prove beyond a reasonable doubt that the defendant knew that the identifying information belonged to a real person). Given the circumstances involved in Becerra-Rodriguez's acquisition of the identification cards and his later misuse of those cards, the district court committed no error that was "clear" or "obvious" in finding a sufficient factual basis existed.

Moreover, Becerra-Rodriguez has failed to show that the supposed plain error affected his substantial rights. The record does show that Becerra-Rodriguez understood that his offense included as an element knowledge that the identifying information belonged to a real person. At the plea hearing, the district court confirmed that Becerra-Rodriguez had reviewed the indictment (which included the pertinent knowledge element) with his lawyer. The district court also advised Becerra-Rodriguez that the charged offense included an allegation that Becerra-Rodriguez knew "that the means of identification belonged to another actual person."

The discussion during the plea hearing about whether Becerra-Rodriguez knew that the identifying information belonged to a real person -- and Becerra-Rodriguez's lawyer's comment about an earlier dispute about the government's attempt to introduce Becerra-Rodriguez's post-arrest statement to that effect -- further demonstrates that Becerra-Rodriguez did understand that knowledge was an essential element.

On appeal, Becerra-Rodriguez says he would not have pleaded guilty had the district court "required him to admit" that

21-10930                Opinion of the Court                9

he knew the identification belonged to a real person. But Becerra-Rodriguez never contends that he did not know of the offense's knowledge requirement when he pleaded guilty.

Becerra-Rodriguez has shown no reasonable probability that -- but for the alleged error -- he would not have entered his plea. Becerra-Rodriguez had adequate notice of the knowledge element when he pleaded guilty and told the district court under oath that he was "in fact guilty" of the charged offense. That Becerra-Rodriguez never admitted expressly that he knew the identifying information belonged to a real person does not preclude a finding of a sufficient factual basis. See Puentes-Hurtado, 794 F.3d at 1287 (upholding a guilty plea under plain-error review when the defendant admitted only to "most" of the government's factual proffer but told the district court under oath that he was guilty and signed a plea agreement stating he was pleading guilty because he was "in fact guilty").

We stress that -- on plain-error review -- Becerra-Rodriguez bears the burden of showing prejudice. Because Becerra-Rodriguez has presented no evidence establishing a reasonable probability that he would have declined to plead guilty absent the supposed error, Becerra-Rodriguez has failed to meet his burden. Cf. United States v. Innocent, 977 F.3d 1077, 1083 (noting that a defendant fails to satisfy his burden under plain-error review when he presents no evidence that the purported error affected the outcome; "[w]hen the record says little or nothing about the effect of the error, 'the burden is the decisive factor.'").

AFFIRMED.[4]

---

[4] In his reply brief, Becerra-Rodriguez contends for the first time that the district court failed to inform him adequately of the nature of the charges against him, in violation of Rule 11(b)(1)(G). This argument is not properly before us in this appeal. *See United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir. 2002) (recognizing that "issues raised for the first time in a reply brief are waived on appeal").