[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13321
Non-Argument Calendar

_____

D.C. Docket No. 0:16-cr-60139-BB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLTON STYLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 7, 2021)

Before JILL PRYOR, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Carlton Styles appeals his sentence of 151 months' imprisonment, arguing that the sentence is procedurally and substantively unreasonable. After careful review, we affirm.

I.

Styles pled guilty to one count of Hobbs Act robbery. Based on several prior convictions and his instant conviction, the district court originally sentenced Styles as a career offender. *See United States v. Eason*, 953 F.3d 1184, 1188 (11th Cir. 2020). Styles (along with several co-defendants) appealed his sentence, and on appeal we held that the district court erred in sentencing him as a career offender because Hobbs Act robbery did not qualify as a crime of violence under the Sentencing Guidelines. *Id.* at 1195–96. We vacated his sentence and remanded for further proceedings. *Id.*

In anticipation of Styles's resentencing, the probation office prepared a revised presentence investigation report ("PSR"). The PSR calculated a total offense level of 22 and a criminal history category of IV, which yielded a guidelines range of 63 to 78 months' imprisonment. The PSR stated that an upward variance may be warranted due to Styles's criminal history. The statutory maximum for Styles's offense was 20 years' imprisonment.

The PSR also noted the sentences of Styles's co-defendants. Zavier McGee and Malcom Anwar Williams were sentenced to 151 months' imprisonment,

2

Wayne Burcks was sentenced to 180 months' imprisonment, and Marlon Eason was resentenced after this Court's 2020 decision to 175 months' imprisonment.

Neither party objected to the PSR, but Styles filed a sentencing memorandum in which he argued that no upward variance was warranted. He also argued that his co-defendants were not similarly situated. McGhee and Williams "were deemed 'career offenders'"—a designation that no longer applied to Styles—and each received sentences "corresponding to the bottom end of their respective applicable guideline ranges." Doc. 82 at 4.[1] McGhee had his sentence reduced to 108 months' imprisonment due to substantial assistance to the government. Burcks, although not designated a career offender, was sentenced to 180 months' imprisonment—a significant upward variance from his guidelines range—because of "23 prior felony convictions and two federal supervised release violations stemming from [his] most recent federal offense." *Id.* at 5 (emphasis omitted). Eason was resentenced to 175 months' imprisonment, even without the career offender designation, because of his "12 prior felony and 17 prior misdemeanor convictions." *Id.* (emphasis omitted). Plus, Styles argued, "without the benefit of having access" to the PSRs, "it is impossible to know what other aggravating factors may have influenced [the district court's] decision to sentence them." *Id.* In response, the government argued in favor of an upward variance,

---

[1] "Doc." numbers refer to the district court's docket entries.

citing Styles's criminal history, the nature of the offense, and the need to avoid an unwarranted sentencing disparity between Styles and his co-defendants.

At sentencing, the district court adopted the PSR, including its calculated guidelines range. Styles requested a within-guidelines sentence, citing his rehabilitation while incarcerated. Although he had a significant criminal history, it was not so significant that the guidelines' criminal history calculation failed to account for it. And Styles's co-defendants "appear[ed] to be very, very differently situated," although Styles's counsel explained that he lacked access to their PSRs. Doc. 95 at 16.

The district court, citing the sentencing factors set forth in 18 U.S.C. § 3553(a),[2] engaged in a lengthy and thorough analysis of Style's case. In mitigation, the court explained that Styles had "many positive role models," including a sister, mother, and the mother of one of his sons; plus, he had two sons to care for. *Id.* at 19. The court noted that Styles had been in custody for several years between his original sentencing and resentencing and had "the benefit of being able to reflect on what's important." *Id.* at 20. Styles had completed a commercial driver's license course and a construction course. He also had served as a groundskeeper. The court acknowledged that Styles's youngest son is autistic and that Styles was and should continue to play a role in the child's life. It also

---

[2] *See infra* Part II.

4

acknowledged that Styles lost his father at an early age. The court opined that rehabilitation "still is" a goal for Styles. *Id.*

In aggravation, the court stated that Styles's criminal history reflected "someone who is a dangerous person, who's violent and puts people in fear, and continues to steal from others." *Id.* at 20–21. The court noted a pattern of "escalation" in Styles's criminal conduct, beginning at age 18 and continuing until the instant offense conduct. *Id.* at 21. The court explained that Styles had committed a previous armed robbery (one that was "eerily similar" to the instant offense), received a 10-year prison term for it, but then committed this crime instead of turning his life around. *Id.* at 22, 29. The court explained that a sentence any less than 10 years would not "serve as an adequate deterrent to [Styles] and to others that are contemplating similar behavior." *Id.* at 29.

The district court also reviewed the sentences and criminal histories of Styles's co-defendants, explaining that "one of the goals of sentencing is to ensure that there are no unwarranted disparities." *Id.*

Based on these factors, the court concluded that a within-guidelines sentence would not "serve the goals of sentencing." *Id.* at 30. The court specifically noted that co-defendant Williams "had nine criminal history points, and was on supervised release, and there were two additional points," and he was sentenced to 151 months' imprisonment. *Id.* at 29. The court indicated that Williams's

circumstances were roughly similar to Styles's.  Thus, the court imposed a sentence of 151 months' imprisonment, to be followed by three years of supervised release.  Styles objected that the sentence was procedurally and substantively unreasonable, and the district court overruled the objection but noted that it was preserved for the record.

This is Styles's appeal.

## II.

"To be upheld on appeal, a sentence must be both procedurally and substantively reasonable."  *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010), *abrogated on other grounds by Van Buren v. United States*, 141 S. Ct. 1648 (2021).  We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).

The district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, sufficiently punish the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court must also consider the offense's nature and circumstances, the defendant's history and characteristics, the kinds of sentences available, the applicable guideline range, any pertinent policy statements from the

Sentencing Commission, the need to avoid unwarranted sentencing disparities between similarly situated defendants, and the need to provide restitution to victims. *Id*. § 3553(a)(1), (3)–(7).

To determine whether a sentence is procedurally reasonable, we ask whether "the district court: (1) properly calculated the Guidelines range; (2) treated the Guidelines as advisory; (3) considered the 18 U.S.C. § 3553(a) factors; (4) did not select a sentence based on clearly erroneous facts; and (5) adequately explained the chosen sentence." *United States v. Wayerski*, 624 F.3d 1342, 1352 (11th Cir. 2010). Where, as here, a district court imposes a variance, it must "explain why that variance is appropriate in a particular case," and its "justifications must be compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotation marks omitted).

"A district court abuses its considerable discretion and imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quotation marks omitted). Though we "commit[] to the sound discretion of the district court the weight to be accorded to each § 3553(a)

factor," *United States v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015), the "district court's unjustified reliance on any one Section 3553(a) factor may be a symptom of an unreasonable sentence," *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). To that end, the district court may not focus "singlemindedly" on one factor "to the detriment of all the other sentencing factors." *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).

We will vacate a district court's "sentence only if we are left with the 'definite and firm' conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (quoting *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*)). We do "not presume that a sentence outside the guideline range is unreasonable and must give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance." *Id.*

Finally, challenges not raised before the district court are reviewed only for plain error. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1290 (11th Cir. 2003). "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error

where there is no precedent from the Supreme Court or this Court directly resolving it." *Id.* at 1291.

III.

Styles argues that his sentence is unreasonable because the district court (1) relied improperly on information in the PSRs of his co-defendants; (2) relied on a factor to vary upward that already was accounted for in his guidelines range; (3) unreasonably weighed one of the § 3553(a) factors, the need to avoid unwarranted sentencing disparities; and (4) failed sufficiently to account for mitigating factors. He also appears to argue that the district court failed to provide an adequate explanation for the variance. Only the last of these sounds in procedural reasonableness, so we address it first.

**A. Procedural Reasonableness**

Styles appears to argue that the district court failed to provide adequate explanation for the variance.[3] Not so. As detailed above in Part I, the district court extensively discussed the factors that weighed in favor of an upward variance, including that Styles had committed the instant offense after a 10-year prison term

---

[3] Although Styles objected to the sentence on procedural reasonableness grounds, he did not specifically argue in the district court that the court gave insufficient reasons for the upward varianceWhen there is no objection in the district court, we review procedural sentencing issues for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). We need not decide whether Styles's objection was sufficient to preserve the argument he makes here because he cannot show any error, plain or otherwise.

for an "eerily similar" robbery.  Doc. 95 at 29.  Styles argues that the district court was not entitled to consider his criminal history in imposing a variance because his guidelines criminal history category adequately accounted for it.  This challenge is more appropriately viewed through the lens of substantive reasonableness.

## B. Substantive Reasonableness

Styles's remaining arguments sound in substantive reasonableness.  Again, these arguments are that the district court (1) relied improperly on information in his co-defendants' PSRs, (2) relied on his recidivism to vary upward even though the guidelines already accounted for this factor, (3) unreasonably weighed the need to avoid unwarranted sentencing disparities, and (4) failed sufficiently to account for mitigating factors.  We can discern no abuse of discretion.

Styles contends that the district court erred in relying on information in his co-defendants' sealed PSRs to arrive at an appropriate sentence.  He argues that the use of nonpublic information turned "an otherwise permissible factor (the need to avoid disparate sentences)" into an "impermissible factor."  Appellant Br. at 16 (emphasis omitted); *see Rosales-Bruno*, 789 F.3d at 1256.[4]  Importantly, however, Styles never expressly asked for access to those PSRs.  He noted to the district court that he lacked the PSRs, but never filed a motion for their disclosure or

---

[4] To the extent Styles argues that the district court violated his constitutional right to due process by consulting his co-defendants' PSRs, he has abandoned that claim by raising it for the first time in his reply brief.  *See United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir. 2002).

10

expressly objected to the use of information contained only in them.  Essentially, he argues that the district court should have *sua sponte* ordered the PSRs unsealed.  No rule or binding precedent supports his argument, so we must reject it.  *See Lejarde-Rada*, 319 F.3d at 1290–91.  Our rejection of his assertion that the district court was required to unseal the PSRs of his codefendants neutralizes his challenge, because otherwise Styles acknowledges that it was permissible for the court to consider the need to avoid unwarranted sentencing disparities.

Next, Styles argues that the district court erred in considering his previous robbery offense because that offense was already accounted for in his criminal history score.  Styles acknowledges that a district court may rely on a factor "already included in the calculation of the guidelines sentencing range" so long as it "articulate[s] specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the guidelines calculation." *United States v. Zapete-Garcia*, 447 F.3d 57, 60 (1st Cir. 2006).  But, he argues, "the district court failed to provide such an adequate explanation."  Appellant Br. at 19.  We disagree.  The court discussed Styles's prior robbery conviction at length and explained its uncanny similarity to the instant offense.  In so doing, the court articulated the reasons why Styles's situation was different from any ordinary conviction that scored criminal history points.

11

As to Styles's other challenges to the substantive reasonableness—that the district court placed too much weight on the need to avoid unwarranted sentencing disparities and not enough weight on mitigating factors—they boil down to one argument: the district court weighed the § 3553(a) factors incorrectly. On this record, considering the careful analysis the district court undertook, we cannot say that the district court committed any clear error in judgment. We are not at liberty to simply reweigh the sentencing factors. Thus, we reject Styles's arguments.

IV.

For the foregoing reasons, we affirm Styles's sentence.

**AFFIRMED.**