[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
02/04/99
THOMAS K. KAHN
CLERK

_____

No. 98-8228
Non-Argument Calendar

_____

D. C. Docket No. 4:97-CR-33-JRE

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR MILLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(February 4, 1999)

Before ANDERSON and MARCUS, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

Arthur Miller appeals his 63-month sentence for transporting computer visual depictions of minors engaged in sexually explicit conduct, and possession of computer disks containing depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252.

On appeal, Miller contends that the district court erred in applying the cross-reference contained in § 2G2.2(c)(1). He argues that it should "only be applied where the offense of conviction involved

causing, transporting, permitting, or seeking by notice or advertisement a minor to participate in the production of the child pornography." Miller further asserts that his postings on the Internet were not part of the offense of conviction.

Miller pled guilty to the charges alleged in the indictment: (1) transporting computer visual depictions of minors engaged in sexually explicit conduct, and (2) possession of computer disks containing depictions of minors engaged in sexually explicit conduct.

Miller stipulated in the plea agreement that he had used electronic mail to solicit teenage boys to engage in sexual activity. The agreement includes exhibits of two such electronic messages sent to Internet newsgroups. The first message described the sexual activities Miller was allegedly willing to perform on teenage boys. The message concluded with the statement, "[e]-mail me at Dad4Lad@Hotmail.com for immediate sucking. Let me satisfy you." The second message read, in part:

> [I]'m a 35 yo wm, seeking young teens for friendship, possibly more ...[I] can travel to surrounding areas of [C]olumbus to pick you up and spend time with you...[I]f you like to show yourself off, have your picture taken, be video taped alone or with a friend e-mail me even sooner. [I]f you're interested in making a buck well, we can discuss that when we come to it. [H]ope to hear from  as many of you as soon as possible.

Exhibit B at R.1. This message also contained a return electronic  mail address.

The probation officer determined that the guideline for Miller's offense is found in § 2G2.2, which provides for a base offense level of 17. In light of the electronic mail messages, however, the probation officer applied the cross-reference in § 2G2.2(c)(1), which provides that "[i]f the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, apply [the base offense level in] § 2G2.1." As a result, Miller's base offense level rose from 17 to 27.

Miller objected to the application of the cross-reference, arguing that (1) the electronic mail

2

messages only constituted mail, rather than a notice or advertisement and (2) no reasonable nexus connected the electronic messages and the counts of conviction.

The district court summarily overruled Miller's objection and adopted the findings and guideline application in the Pre-Sentence Investigation. Based on a guideline range of 63 to 78 months, the court sentenced Miller to a total of 63 months' imprisonment.

On appeal, Miller contends that the district court erred in applying the cross-reference contained in § 2G2.2(c)(1). He argues that it should "only be applied where **the offense** of conviction involved causing, transporting, permitting, or seeking by notice or advertisement a minor to participate in the production of the child pornography" (emphasis in original). Miller asserts that the electronic mail messages were not part of the offenses of conviction, nor were they relevant conduct under § 1B1.3(a)(1) as they did not occur during the commission of, or in preparation for, the offense of conviction. Miller further points out that the offenses of conviction were not grouped under § 3D1.2; thus, they could not be considered relevant conduct under § 1B1.3(a)(2). Miller also argues, for the first time, that the "postings" on the Internet newsgroups are not electronic mail messages, the listed newsgroups are not normally accessed by children, and the "postings" do not include a method to respond to the author. The government responds that the district court properly applied the cross reference in calculating Miller's offense level. It argues that the transmission of electronic messages by Miller, an act to which he stipulated in the plea agreement, qualifies as "relevant conduct" under the sentencing guidelines. As such, the government asserts that the court correctly considered conduct not covered by the counts of conviction in determining Miller's offense level.

In reply, Miller "acknowledges having posted two [electronic mail messages] to newsgroups." He argues, however, "[t]his activity does not set forth a new, more serious offense, as the government alleges." Further, Miller asserts that nowhere in the plea agreement did he stipulate that the return electronic mail addresses belonged to him.

Sentencing Guideline § 2G2.2, which pertains to "Trafficking in Material Involving the Sexual Exploitation of a Minor," carries a base offense level of 17, compared to a base offense level of 27 under § 2G2.1, which pertains to "Sexually Exploiting a Minor by Production of Sexually Explicit Visual or Printed Material." The cross-reference provision provides, "[i]f the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, apply [the base offense level in] § 2G2.1." U.S.S.G. § 2G2.2(c)(1). Under the sentencing guidelines, "[a] plea agreement ... containing a stipulation that specifically establishes the commission of additional offense(s) shall be treated as if the defendant had been convicted of additional count(s) charging those offense(s)." U.S.S.G. § 1B1.2(c).

This Court reviews the district court's factual findings for clear error, but de novo review applies to the court's application of the sentencing guidelines. See United States v. Pompey, 17 F.3d 351, 353 (11th Cir. 1994).

In this case, the district court did not err in applying the cross-reference in § 2G2.2 to adjust Miller's base offense level from 17 to 27. Contrary to Miller's argument, the term "offense," as used in the cross-reference, includes both charged and uncharged offenses. U.S.S.G. § 1B1.3, comment., backg'd; see also United States v. Maxwell, 34 F.3d 1006, 1010 (11th Cir. 1994). Although the government did not charge Miller with any offenses arising out of the use of electronic mail, Miller did acknowledge in the plea agreement that he had used electronic mail to solicit teenagers to engage in sexual activity. See United States v. Moore, 6 F.3d 715, 718-19 (11th Cir. 1993) (uncharged offenses stipulated in the plea agreement "are treated as if they were additional counts of conviction for sentencing purposes"). Thus, the district court properly used the uncharged conduct in determining Miller's base offense level.

Moreover, the transmission of messages on the Internet satisfied the criteria of the cross-reference provision, which "is to be construed broadly." U.S.S.G. § 2G2.2, comment, n.3. Miller

4

(1) induced minors, (2) by "notice or advertisement," (3) "to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." U.S.S.G. § 2G2.2(c)(1). First, Miller's messages were aimed at "young teens." Second, by posting information on Internet newsgroups, Miller's messages amounted to a notice or advertisement. Cf. Zeran v. America Online, Inc., 129 F.3d 327, 328 (4th Cir. 1997) ("'The Internet is an international network of interconnected computers,' currently used by approximately 40 million people worldwide.") (quoting Reno v. ACLU, 521 U.S. 844, 117 S.Ct. 2329, 2334, 138 L.Ed.2d 874 (1997)), cert. denied, 118 S.Ct. 2341 (1998). Third, the messages invited teenagers to engage in sexual activity, "have [their] picture taken, [and] be video taped." He also offered to pay those teenagers "interested in making a buck." Clearly, the district court did not err in applying the cross-reference in § 2G2.2(c)(1).

The judgment of the district court is AFFIRMED.