[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13855
Non-Argument Calendar

_____

D. C. Docket No. 05-00025-CR-W-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODRICK MONROE, SR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(January 24, 2007)**

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Rodrick Monroe appeals his conviction and sentence for being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3). After review, we affirm.

## I. BACKGROUND FACTS

Responding to a report of a shooting, local police officers arrived at Monroe's residence to find Sharon Miles with gunshot wounds to her hands and head. Miles told officers that Monroe, who was her boyfriend, had accidently shot her. Monroe admitted to officers that he was a regular user of crack cocaine and had used crack cocaine approximately 24 hours before the shooting.

A search of Monroe's home uncovered three firearms. Monroe admitted to officers that two of the guns were his and that the third gun belonged to his brother but had been in Monroe's possession for two years.

At trial, Monroe, Miles and one of the officers, Sergeant Sonny Schrieber, provided testimony consistent with the above facts. Specifically, Sergeant Schrieber testified that Monroe had admitted that he smoked crack cocaine as often as possible and slept, walked and showered with a gun. Miles testified that she lived with Monroe, that she had seen firearms in Monroe's home and that Monroe used crack cocaine all day, every day. Monroe testified that he had used crack cocaine off and on since returning from Vietnam and that all three guns found in

2

his home belonged to him. Monroe also acknowledged using crack cocaine from before Christmas until his arrest in mid-January.

The jury found Monroe guilty. The district court sentenced Monroe to 60 months' imprisonment. This appeal followed.

## II. DISCUSSION

On appeal, Monroe raises several arguments that are clearly without merit and which we address only briefly. First, the district court did not abuse its discretion by refusing to give Monroe's proposed jury instruction defining the terms "addict" and "unlawful user" because Monroe failed to request this instruction in writing and in a timely manner as required by Federal Rule of Criminal Procedure 30. See United States v. Cunningham, 194 F.3d 1186, 1200 (11th Cir. 1999) (affirming district court's refusal to give instruction where defendant failed to comply with Rule 30). We also reject Monroe's contention that 18 U.S.C. § 922(g)(3) is unconstitutionally vague as applied to him because "unlawful user" and "addict" are undefined. The evidence at trial established that, in the days and weeks leading up to his arrest, Monroe smoked crack cocaine. Ordinary people would understand that this conduct constituted unlawful use of a controlled substance within the meaning of § 922(g)(3). See United States v. Marte, 356 F.3d 1336, 1342 (11th Cir. 2004) (explaining that vagueness challenges

3

must be evaluated in light of the facts of the case at hand, except where First Amendment rights are involved).

Second, the district court did not constructively amend Monroe's indictment when it gave a supplemental jury instruction explaining that the indictment, which was phrased in the conjunctive, was consistent under the law with the jury verdict form, which was phrased in the disjunctive. See United States v. Simpson, 228 F.3d 1294, 1300 (11th Cir. 2000) (explaining that an indictment phrased in the conjunctive is not constructively amended by a jury instruction phrased in the disjunctive); United States v. Cornillie, 92 F.3d 1108, 1110 (11th Cir. 1996) (affirming district court's response to jury question that the government could charge the defendant in the conjunctive but prove the case at trial in the disjunctive).

Third, the district court did not abuse its discretion by refusing to repeat the entire jury charge after giving the supplemental jury instruction discussed above because the district court reminded the jury of the burden and quantum of proof and the presumption of innocence and to consider all the instructions as a whole. See United States v. L'Hoste, 609 F.2d 796, 809 (5th Cir. 1980).[1]  Fourth, the

[1]In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions from the former Fifth Circuit decided on or before September 30, 1981.

4

district court did not abuse its discretion by refusing to allow Monroe to present a justification defense because, even assuming arguendo that the affirmative defense is available in § 922(g)(3) cases, Monroe failed to satisfy the elements necessary to establish a justification defense. See United States v. Deleveaux, 205 F.3d 1292, 1297 (11th Cir. 2000) (delineating the elements needed to establish a justification defense to a charge under § 922(g)(1)).

Fifth, the district court did not abuse its discretion by excluding evidence of Monroe's post-traumatic stress disorder and mental problems because § 922(g)(3) is not a specific intent crime. See 18 U.S.C. § 17(a); United States v. Cameron, 907 F.2d 1051, 1060-66 (11th Cir. 1990) (explaining that by enacting § 17(a), Congress eliminated the use of psychiatric evidence to show diminished capacity for purposes of exoneration or mitigation, but permits its use to negate specific intent when it is an element of the charged offense). Sixth, the district court did not abuse its discretion by excluding evidence in support of an ignorance of the law defense or by refusing to instruct the jury on that defense because Monroe actively possessed a firearm while being an unlawful user of crack cocaine. See Lambert v. California, 355 U.S. 225, 228, 78 S. Ct. 240, 243 (1957) (concluding that an ignorance of the law defense is appropriate only when the defendant's conduct is wholly passive).

5

Finally, the district court did not err at sentencing when it applied the cross-reference under U.S.S.G. § 2K2.1(c)(1)(A) because this provision applies to uncharged conduct, see United States v. Miller, 166 F.3d 1153, 1155 (11th Cir. 1999), and Miles testified that Monroe shot her during an altercation and that she had lied to the responding police officers that the shooting was accidental.[2]

Monroe's final argument merits a bit more discussion. Monroe argues that the district court's jury instructions misstated the elements of his offense. Under § 922(g)(3), it is "unlawful for any person . . . who is an unlawful user of or addicted to any controlled substance . . . to . . . possess in or affecting commerce, any firearm or ammunition . . . ." 18 U.S.C. § 922(g)(3).

Here, when charging the jury, the district court first read the statutory language of 18 U.S.C. § 922(g)(3) and then instructed the jury that Monroe could be found guilty of the charged offense if the government proved beyond a reasonable doubt "that before the defendant possessed the firearm, the defendant had been an unlawful user of or addicted to a controlled substance, such as crack cocaine." (Emphasis added.) Monroe argues that this instruction erroneously

_____

[2]Monroe also argues that the district court erred in denying his motion for a downward departure. We are without jurisdiction to review this claim, however, because the district court recognized its authority to depart downward and declined to grant Monroe's motion. See United States v. Winningear, 422 F.3d 1241, 1245 (11th Cir. 2005).

6

indicated to the jury that it needed to find that Monroe possessed a firearm before becoming an unlawful user of cocaine. In support, Monroe points to a jury question submitted during deliberations as to whether the defendant's possession of the firearm had to occur before the defendant became an unlawful user.

Ordinarily, we review de novo the legal correctness of a jury instruction; however, when, as here, the defendant did not object to the jury instruction in the district court, we review only for plain error. United States v. Prather, 205 F.3d 1265, 1270 (11th Cir. 2000). To reverse under a plain error standard of review, the challenged instruction must be a plainly incorrect statement of the law and must have been "'probably responsible for an incorrect verdict, leading to substantial injustice.'" Id. at 1271 (quoting Montgomery v. Naga, 168 F.3d 1282, 1294 (11th Cir. 1999)).

We note that the district court acknowledged its error after receiving the jury's question. The district court proposed a correction that removed the word "before" from the instruction and redefined the second element of the offense to state that the government needed to prove that the defendant was an unlawful user of or addicted to a controlled substance at the time of the possession. The district court's proposed correction was not submitted to the jury, however, because Monroe objected to it. Instead, the district court instructed the jury to rely on the

7

plain language of the statute.

Here, for several reasons, Monroe failed to show that any alleged error in the district court's instruction was "probably responsible for an incorrect verdict." First, this is so because the challenged instruction, if anything, put a greater burden on the government than is required by the statute. Under the statute, the date the defendant acquired the firearm is irrelevant so long as the defendant possessed the firearm contemporaneously with the unlawful drug use. The jury instruction required the government to show that Monroe was using crack even before he possessed the firearm. Second, the district court proposed to correct the instruction, but Monroe objected and cannot complain now, much less show substantial injustice. Third, the evidence was overwhelming that Monroe used crack while he possessed the firearm, and Monroe has totally failed to show the jury instruction was responsible for an incorrect verdict.

For all the foregoing reasons, we affirm Monroe's conviction and sentence.

**AFFIRMED.**