**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11441

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

TRISTIN TRE-MEL WASHINGTON,
a.k.a. chunkyboy27,
a.k.a. $Tristin2018,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20449-KMM-1

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Tristin Tre-Mel Washington appeals his 240-month sentence for transporting child pornography, in violation of 18 U.S.C. § 2252(a)(1) and (b)(1). On appeal, Washington first argues that the district court erred in applying U.S.S.G. § 2G2.1, the guideline for production of child pornography, through the cross-reference in U.S.S.G. § 2G2.2(c), the guideline for transporting child pornography, because he did not cause the minor victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Second, he argues that the court erred in applying the cross-reference in § 2G2.2(c) because the court did not first show that the resulting offense level under § 2G2.1 was greater than the resulting offense level under § 2G2.2. Third, he argues that the court erred in applying a two-level enhancement for the distribution of child pornography under § 2G2.1(b)(3), given that he did not distribute child pornography to others.

**I.**

We review *de novo* a district court's interpretation and application of the Sentencing Guidelines, and review findings of fact for clear error. *United States v. Whitesell,* 314 F.3d 1251, 1254 (11th Cir. 2002). The government must prove factors that trigger § 2G2.2(c)'s cross-reference to § 2G2.1 by a preponderance of the evidence. *See id.* at 1255.

Appendix A to the 2023 Federal Sentencing Guidelines manual provides that the applicable guideline section for an offense under 18 U.S.C. § 2252 is § 2G2.2. U.S.S.G. § 2G2.2 & App. A. The cross-reference provision of § 2G2.2(c)(1) provides that, "[i]f the

offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct . . . , apply §2G2.1 . . . if the resulting offense level is greater than that determined above." U.S.S.G. § 2G2.2(c)(1). The term "offense" as used in § 2G2.2(c)'s cross-reference includes both charged and uncharged offenses. *United States v. Miller*, 166 F.3d 1153, 1155 (11th Cir.1999).

> The guideline commentary to § 2G2.2 further provides,

> The cross-reference in subsection (c)(1) is to be construed broadly and includes all instances where the offense involved employing, using, persuading, inducing, enticing, coercing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . .

U.S.S.G. § 2G2.2, comment. (n.7(A)).[1]

In *Whitesell*, we concluded that "causing" in § 2G2.2(c)(1) means "producing an effect, result, or consequence or being

---

[1] In *Dupree*, we, sitting *en banc*, held that courts "may not defer" to the commentary to the Sentencing Guidelines "if uncertainty does not exist" in the Guidelines itself. *United States v. Dupree*, 57 F.4th 1269, 1275 (11th Cir. 2023) (*en banc*). However, we have relied on the commentary where "[n]o party contest[ed] the commentary's validity . . . or the propriety of its interpretation of [the guideline's] text." *United States v. Jews*, 74 F.4th 1325, 1327 n.2, 1328 (11th Cir. 2023). Here, neither party contests the commentary's validity.

responsible for an action or result." 314 F.3d at 1255. (quotation marks and alterations omitted). When reaching this conclusion, we specifically rejected as "too restrictive" a definition of "causing" that required a defendant to have physical contact with or personally photograph the victim. *Id*. In *Whitesell*, the defendant had received a sexually explicit photograph of the victim and another girl, and, soon after, he bragged in another chat about coaxing and prompting the victim to take this photograph. *Id*. at 1255-56. We determined that the defendant had "caused" the victim's conduct because his "coaxing directly resulted in the victim photographing herself engaging in sexually explicit conduct." *Id*. at 1256.

Here, the district court did not err in applying § 2G2.1 through the cross-reference in § 2G2.2(c) because the record supports the court's finding that Washington caused the minor victim, B.G., "to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." U.S.S.G. § 2G2.2(c)(1). Under a broad construction of the cross-reference, the district court properly adopted the PSI's conclusion that Washington was "persuading, inducing, and enticing" B.G. engage in sexually explicit conduct. U.S.S.G. § 2G2.2, comment. (n.7(A). Washington repeatedly purchased from B.G. images and videos of her engaging in sexually explicit conduct, and he made specific requests for certain content, such as "if she had videos with females or with 'anyone younger.'" On appeal, Washington argues that he did not cause the minor victim's conduct because he "simply purchased images and videos that the minor had previously produced and was offering for sale." However, there is evidence that Washington inquired

if B.G. was making "any new sex tapes," and she responded that she could that evening. Washington told her the specific type of sexual content he wanted her to engage in and she then confirmed, "I got u[. . . .] I am done." Therefore, Washington's specific requests prompted and directly resulted in B.G. producing a new video of her engaging in sexually explicit conduct, which satisfies the "causing" requirement in § 2G2.2(c). *See Whitesell*, 314 F.3d at 1255 56.

## II.

We review for plain error a sentencing challenge raised for the first time on appeal. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). "To preserve an issue for appeal, a defendant must raise an objection that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought." *United States v. Thomas*, 108 F.4th 1351, 1355 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 1102 (2025) (quotation marks omitted). Under plain error review, the defendant must show that: (1) an error occurred; (2) the error was plain; and (3) the error affects substantial rights. *Rosales-Mireles v. United States*, 585 U.S. 129, 134-35 (2018). When these three factors are met, we may exercise discretion and correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id*. at 135 (quotation marks omitted).

An error is plain if it is clearly contrary to settled law at the time of sentencing or at the time of appellate consideration. *United States v. Shelton*, 400 F.3d 1325, 1330-31 (11th Cir. 2005). Plain

6                          Opinion of the Court                        24-11441

means contrary to the applicable statute, rule, or on-point prece-
dent. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir.
2003). A plain error affects substantial rights if it was prejudicial,
meaning that the error "actually did make a difference" in the de-
fendant's sentence. *Shelton*, 400 F.3d at 1332 (quotation marks
omitted). Ordinarily, "a defendant will satisfy his burden to show
prejudice by pointing to the application of an incorrect, higher
Guidelines range and the sentence he received thereunder." *Mo-
lina-Martinez v. United States*, 578 U.S. 189, 201 (2016).

Section 1B1.1(a) of the Sentencing Guidelines provides that
the court must determine the sentencing guideline range "by ap-
plying the provisions of this manual in the following order, except
as specifically directed" and lists the following:

> (1) Determine, pursuant to §1B1.2 (Applicable Guide-
> lines), the offense guideline section from Chapter
> Two (Offense Conduct) applicable to the offense of
> conviction. *See* §1B1.2.

> (2) Determine the base offense level and apply any ap-
> propriate specific offense characteristics, cross refer-
> ences, and special instructions contained in the partic-
> ular guideline in Chapter Two in the order listed.

U.S.S.G. § 1B1.1(a)(1)-(2).

As noted above in Issue 1, Appendix A to the Federal Sen-
tencing Guidelines manual provides that the applicable guideline
section for offenses under § 2252 is § 2G2.2. *Id*. § 2G2.2 &
App. A. And again, § 2G2.2(c)(1) provides that, "[i]f the offense

24-11441                Opinion of the Court                7

involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct . . . , apply §2G2.1 . . . if the resulting offense level is greater than that determined above." *Id.* § 2G2.2(c)(1). When a defendant's statutory maximum sentence is less than the minimum of his guideline range, the statutory maximum sentence becomes his guideline range. *Id.* § 5G1.1(a).

We apply plain error review because Washington did not raise this specific argument about the failure to calculate and compare the offense levels under both §§ 2G2.1 and 2G2.2 before the district court. *Vandergrift*, 754 F.3d at 1307. During the sentencing hearing and in his written objections, Washington argued solely that § 2G2.1 did not apply because the cross-reference did not cover his actions when he purchased images and videos that the minor victim had previously produced and was offering for sale. However, Washington now raises an additional, and different, argument on appeal that the court erred in applying § 2G2.1 via the cross-reference without first demonstrating that the resulting offense level under § 2G2.1 was greater than the resulting offense level under § 2G2.2. Because Washington did not raise this specific and discrete legal argument before the district court, plain error review applies to this issue. *See, e.g., Thomas*, 108 F.4th at 1355; *Vandergrift*, 754 F.3d at 1307.

Here, Washington cannot prove that the court plainly erred in this respect. *Rosales Mireles*, 585 U.S. at 134 35. Washington is

correct that, for his violation of § 2252(a), the Sentencing Guidelines direct the court to first calculate under § 2G2.2 the base offense level and any specific offense characteristics before applying cross-references. U.S.S.G. §§ 1B1.1(a), 2G2.2, & App. A. Then, § 2G2.1 only applies via the cross-reference in § 2G2.2(c)(1) "if the resulting offense level is greater than that determined" in § 2G2.2. *Id.* § 2G2.2(c)(1). The probation officer determined that Washington's resulting offense level was greater under § 2G2.1, but the PSI did not actually include any calculations related to § 2G2.2. As the government points out, Washington's written objections to the PSI included his own anticipated sentencing calculations under § 2G2.2. Of note, Washington's preferred calculations, offered in reference to the original PSI, listed an adjusted offense level of 27 under § 2G2.2, which is lower than the adjusted offense level of 40 that the original PSI had calculated under § 2G2.1. Nevertheless, even if somehow Washington could establish that § 2G2.2 would yield a higher total offense level compared to § 2G2.1, he cannot show that any potential error affected his substantial rights. *Rosales-Mireles*, 585 U.S. at 134 35. If the court calculated a greater adjusted offense level under § 2G2.2 compared to § 2G2.1, this would not prejudice Washington because it would not result in a lower guideline range or affect his overall sentence. *Molina Martinez*, 578 U.S. at 201; *Shelton*, 400 F.3d at 1332. In fact, an even higher theoretical adjusted offense level under § 2G2.2 would lead to a higher total offense level and then to a higher guideline range. Because any higher, alternative guideline range would also be above the 20-year statutory maximum, the guideline range still

would ultimately become 240 months under operation of § 5G1.1(a). *See* U.S.S.G. § 5G1.1(a). This is the same guideline range that the court already considered when it imposed its 240-month sentence based on its calculations under § 2G2.1. Any error, therefore, does not "actually [make] a difference" in Washington's sentence, and he cannot demonstrate the district court plainly erred. *Shelton*, 400 F.3d at 1332.

## III.

When reviewing for procedural reasonableness, we ordinarily consider legal issues *de novo* and reviews factual findings for clear error. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). We review the interpretation and application of the Sentencing Guidelines *de novo*. *United States v. Dupree*, 57 F.4th 1269, 1272 (11th Cir. 2023) (*en banc*).

Section 2G2.1(b)(3) adds a two-level enhancement if "the defendant knowingly engaged in distribution." U.S.S.G. § 2G2.1(b)(3). Application Note 1 to § 2G2.2 defines distribution as "any act . . . related to the transfer of material involving the sexual exploitation of a minor . . . but does not include the mere solicitation of such material by a defendant." *Id.*, comment. (n.1). At the same time, the commentary provides that, under § 2G2.1(b)(3), "the defendant 'knowingly engaged in distribution' if the defendant (A) knowingly committed the distribution, (B) aided, abetted, counseled, commanded, induced, procured, or willfully caused the distribution, or (C) conspired to distribute." *Id.*, comment. (n.3).

In the context of the statutory offense of distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2), we have said that "'distribute' ordinarily means to deliver, give out, dispense, or disperse to others," and that distribution implies that an item "is delivered to someone other than the person who does the delivering." *Grzybowicz*, 747 F.3d at 1307-08. Yet, we noted in *Grzybowicz*, without reaching the issue, that the definition of distribution in § 2G2.1(b)(3), which also includes "possession with intent to distribute," is broader than the meaning of distribute in § 2252A(a)(2). *Id*. at 1312-13.

We have explained that we need not decide a disputed guidelines issue if the district court states "that the guidelines advice that results from decision of those issues does not matter to the sentence imposed after the [18 U.S.C.] § 3553(a) factors are considered." *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006). If the sentencing court makes such a statement, we assume there was an error, calculate the guideline range without the error, and analyze whether the sentence would be substantively reasonable under that guideline range to determine if any error was "truly harmless." *Id.* at 1349-50.

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378

(11th Cir. 2010).  The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted).  The proper factors are set out in § 3553(a) and include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, promotion of respect for the law, providing just punishment, and the need to protect the public, and the need to avoid unwarranted sentence disparities.  18 U.S.C. § 3553(a)(1), (a)(2)(A)-(D), (a)(6).

We will only vacate the defendant's sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016) (quotation marks and citation omitted).  We have "underscored" that we must give "due deference" to the district court to consider and weigh the proper sentencing factors.  *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018) (quotation marks omitted).  A district court need not state that it explicitly considered each of the § 3553(a) factors or discuss each factor.  *United States v. Oudomsine*, 57 F.4th 1262, 1265 (11th Cir. 2023).  Instead, the district court's acknowledgment that it considered the § 3553(a) factors is sufficient.  *Id*.

When a defendant's statutory maximum sentence is less than the minimum of the guideline range, the statutory maximum sentence becomes the guideline range. U.S.S.G. § 5G1.1(a).

Here, the district court arguably erred in applying the two-level enhancement under § 2G2.1(b)(3) for distribution, but any error was harmless. *Keene*, 470 F.3d at 1349 50. Washington's actions may not qualify as "distribution" under § 2G2.1(b)(3), given that he solicited images and videos from B.G., but no evidence shows he thereafter delivered or shared the material with others. U.S.S.G. § 2G2.1, comment. (n.1); *Grzybowicz*, 747 F.3d at 1307. The government conceded at sentencing, and again on appeal, that the evidence does not support this enhancement and that the district court clearly erred in applying the enhancement. However, because the district court made a valid *Keene* statement before announcing its sentence, this triggered harmless-error review. *Keene*, 470 F.3d at 1349 50. Without this two-level enhancement, Washington's reduced total offense level would be 39, and his guideline range would become 262 to 327 months. U.S.S.G. Ch. 5, Pt. A (table). However, because the statutory maximum sentence of 240 months is less than the minimum of this guideline range, Washington's guideline range would still remain at 240 months. U.S.S.G. § 5G1.1(a). Therefore, his guideline range is the same, with or without the two-level distribution enhancement under § 2G2.1(b)(3).

Further, the district court's 240-month sentence is not substantively unreasonable. *Gall*, 552 U.S. at 51; Irey, 612 F.3d at 1189. In his reply brief, Washington contends that the district court

ignored his arguments for a lower sentence, never mentioned the 3553(a) factors it had considered for its alternative ruling, and failed to explain why the sentence was reasonable. However, when imposing its sentence, the district court stated that it had considered the parties' statements and the factors in § 3553(a). The court at the hearing already had heard Washington's sentencing arguments and his mitigation arguments regarding the relative seriousness of his offense, his difficult personal upbringing, his consistent efforts to remain employed, and his commitment to undergoing therapy. The court was not required to state that it explicitly considered each of the § 3553(a) factors, but its acknowledgment that it had considered the § 3553(a) factors is sufficient. *Oudomsine*, 57 F.4th at 1265. Further, while the court did not provide a detailed explanation, it did state that its 240-month sentence was reasonable after consideration of § 3553(a) factors, and this Court must give "due deference" to the district court's consideration of the sentencing factors. *See Shabazz*, 887 F.3d at 1224. Thus, Washington's 240-month sentence is not substantively unreasonable, and any alleged error in the application of the distribution enhancement is harmless. *See, e.g., Irey*, 612 F.3d at 1189; *Keene*, 470 F.3d at 1349-50.

For the foregoing reasons, we affirm Washington's sentence.

**AFFIRMED.**